■ In the Matter of the Estate of AARON SHUSTER, Deceased. OSCAR J. OLEM et al., Appellants; LARRY SHUSTER, Respondent. [710 NYS2d 383] —In a proceeding pursuant to SCPA 1420 to declare that the bequest to the respondent, Larry Shuster, should be revoked because of his breach of the in terrorem clause of the decedent's will, the petitioners appeal from (1) an order of the Surrogate's Court, Kings County (Feinberg, S.), dated May 3, 1999, which, *inter alia,* granted the respondent's motion for summary judgment dismissing the proceeding, and (2) a decree of the same court, dated May 27, 1999, which, *inter alia,* dismissed the proceeding.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the decree is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs payable by the estate.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of a decree in the proceeding (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the decree.

The decedent's will contained an in terrorem clause, covering any "attempt to contest or oppose the probate or validity of this my Will, or any Codicil thereto". The respondent, Larry Shuster, initially consented to probate, but then withdrew his waiver. Shortly thereafter, the petitioner Oscar J. Olem filed an affirmation in the Surrogate's Court, stating, among other things, that he believed that the respondent was incompetent. Olem also filed an amended probate petition, which listed the respondent as a "person under disability".

Thereafter, the respondent attempted to file objections to probate with the Surrogate's Court, and commenced an action in the United States District Court, for the Southern District of New York, alleging, inter alia, that the in terrorem clause of the will was illegal. That action was subsequently dismissed for lack of subject matter jurisdiction.

Based on Olem's concerns, the Surrogate appointed a temporary guardian ad litem to investigate whether the respondent needed a permanent guardian ad litem to protect his interest in the estate. The temporary guardian ad litem recommended that (1) the respondent's objections to probate be ignored as they were not properly filed, and (2) the respondent was in need of the appointment of a permanent guardian ad litem to protect his person and property.

On July 15, 1996, the will was admitted to probate. The probate decree recited the standard language "and probate not having been contested". Thereafter, the Surrogate appointed a permanent guardian ad litem to protect the interests of the respondent, who was described as a "person under disability". Subsequently, the petitioners commenced this proceeding to declare that the respondent's actions constituted a violation of the in terrorem clause of the decedent's will. In the decree appealed from the Surrogate found that the respondent did not breach that clause.

An infant or incompetent may affirmatively oppose the probate of a will without forfeiting any benefit pursuant to an in terrorem clause (*see,* EPTL 3-3.5 [b] [2]). In the instant case, at the request of the petitioner Oscar J. Olem, the Surrogate determined that the respondent was a person under a disability and appointed a permanent guardian ad litem to protect his interests. In view of the foregoing, the in terrorem clause cannot be enforced against him. Joy, J. P., Thompson, Krausman and Goldstein, JJ., concur.