OPINION OF THE COURT
 

 Per Curiam.
 

 This appeal asks us to overturn the Appellate Division’s dismissal of an appeal taken as of right by an attorney and her law firm — nonparty appellants here — from a trial court order imposing sanctions for conduct the court deemed frivolous
 
 (see
 
 22 NYCRR part 130). The Appellate Division dismissed the appeal because the sanctions resulted from the trial court’s sua sponte order, with no notice of motion
 
 (see
 
 CPLR 5701 [a] [2]). We now affirm.
 

 On the sixth day of a personal injury jury trial in Suffolk County, the trial court (after taking a brief recess) announced from the bench that appellant attorney had repeatedly made disrespectful facial expressions in response to adverse evidentiary rulings, even after being instructed — and promising — to stop. Citing the prejudicial effect of these expressions on the jury, the court announced it was declaring a mistrial and scheduled submissions, requiring the attorney to submit an affidavit on why she should not be censured for her conduct, and her opponent to submit an affidavit detailing his costs and expenditures at trial.
 

 
 *335
 
 Appellants submitted papers contesting the need for a mistrial or for sanctions, as well as the amount thereof. Supreme Court then ordered them to pay a total of $13,558.44 in costs and attorneys’ fees. Appellants sought to appeal this order. The Appellate Division dismissed the appeal, holding the order was not appealable as of right because it did not decide a motion made on notice (CPLR 5701 [a] [2]), and declined to hear the appeal by permission (CPLR 5701 [c]). We granted leave to appeal from so much of the order as dismissed the appeal as of right.
 

 The only issue before us is whether, in the circumstances presented, appellants have a right to appeal.
 
 [1]
 

 With limited exceptions, an appeal may be taken to the Appellate Division as of right from an order deciding a motion made upon notice when — among other possibilities — the order affects a substantial right
 
 (see
 
 CPLR 5701 [a] [2] [v]). There is, however, no right of appeal from an ex parte order, including an order entered sua sponte
 
 (see e.g. Northside Studios v Treccagnoli,
 
 262 AD2d 469 [2d Dept 1999];
 
 Village of Savona v Soles,
 
 84 AD2d 683, 684 [4th Dept 1981];
 
 see also
 
 Siegel, NY Prac § 526, at 860 [3d ed]; 12 Weinstein-Korn-Miller, NY Civ Prac H 5701.06).
 
 [2]
 

 As nonparties, appellants contend that they had no avenue of appeal and that, in effect, the ruling of the trial court was unreviewable. We disagree. The CPLR indeed contemplates appellate review, as a matter of right, here. Appellants could properly have moved to vacate the order and appealed as of right to the Appellate Division if that motion was denied
 
 (see
 
 CPLR 5701 [a] [3]; 2221;
 
 Village of Savona,
 
 84 AD2d at 684). This procedure ensures the appeal will be made upon a suitable record after counsel have had an opportunity to be heard.
 

 Appellants do not dispute this procedure was available to them. Nor do they claim they availed themselves of the op
 
 *336
 
 portunity provided by the CPLR to reach the Appellate Division as of right. Rather, their argument is twofold.
 

 First, they argue that the procedure adopted by Supreme Court was in practical effect equivalent to a motion on notice and created a record sufficient for appellate review. We agree with the Appellate Division that the submissions ordered sua sponte by the trial court were not made pursuant to a motion on notice as contemplated by CPLR 5701 (a) (2). While the procedure in this particular case may well have produced a record sufficient for appellate review, there is no guarantee that the same would be true in the next case. Moreover, the amount of notice will vary from case to case, and its sufficiency may often be open to debate. Adherence to the procedure specified by CPLR 5701 (a) uniformly provides for certainty, while at the same time affording the parties a right of review by the Appellate Division. We are therefore unwilling to overwrite that statute.
 

 The same considerations lead us also to reject appellants’ second argument: that justice requires a rule for attorneys that all sanctions against them be per se appealable to the Appellate Division. In so holding we express no view as to whether a motion to vacate is still available to appellants, or whether review of such a motion would result in affirmance of a sanction under part 130 for alleged misconduct essentially contumacious in nature.
 

 Accordingly, the order of the Appellate Division, insofar as appealed from, should be affirmed, with costs.
 

 Chief Judge Kaye and Judges Smith, Ciparick, Wesley, Rosenblatt, Graffeo and Read concur in per curiam opinion.
 

 Order, insofar as appealed from, affirmed, with costs.
 

 [1]
 

 . Two situations are to be distinguished. First, we address only the right of appeal from an
 
 order
 
 (CPLR 5701 [a] [2]), not from
 
 & judgment
 
 (CPLR 5701 [a] [1]). Second, we recognize that the Appellate Divisions may, and regularly do, review appeals from orders by permission
 
 (see
 
 CPLR 5701 [c];
 
 Khoury v Khoury,
 
 280 AD2d 453, 454 [2d Dept 2001];
 
 Northside Studios v Treccagnoli,
 
 262 AD2d 469 [2d Dept 1999]).
 

 [2]
 

 . That an order made sua sponte is not an order deciding a motion on notice is apparent from various CPLR provisions, including the definition of motion (see CPLR 2211) and the provision for dismissal for failure to prosecute, which distinguishes between a “court initiative” and a party’s “motion” (see CPLR 3216).