■ Jose Diaz, Appellant, v New York Mercantile Exchange et al., Respondents, et al., Defendant. (And a Third-Party Action.) [768 NYS2d 5]—

Appeal from judgment, Supreme Court, New York County (Ira Beal, J.), entered October 7, 2002, dismissing plaintiff's personal injury action with prejudice due to plaintiff's inability

to go forward with the trial, unanimously dismissed, without costs.

The appeal as of right, taken from a sua sponte order not made upon notice, must be dismissed (CPLR 5701 [a] [2]; *Sholes v Meagher*, 100 NY2d 333 [2003]). This is true, notwithstanding that the judgment eventually was entered "on motion" of counsel for defendants New York Mercantile Exchange and Turner Construction Co. and that the court entertained brief oral argument (*see id.* at 335). In any event, only a sparse record was created concerning the history of case conferencing and prior advisements by plaintiff's counsel as to the purported need for imminent surgery, so that the propriety of dismissing the case with prejudice based on what the court described as plaintiff's "subterfuge" cannot properly be evaluated (*see id.* at 336). Therefore, we decline to grant leave to appeal.

It is true that the *Sholes* Court expressly noted that "we address only the right of appeal from an *order* (CPLR 5701 [a] [2]), not from a *judgment* (CPLR 5701 [a] [1])" (at 335 n 1). However, the same analysis should apply to the "judgment" appealed in the instant case, since entry of that judgment was merely a ministerial act based on the "so ordered" transcript of the court proceeding at which the sua sponte ruling was issued.

We note, however, that defendant-respondent A.J. Contracting Co. represents in its brief that plaintiff did in fact make a motion on notice to vacate the judgment dismissing the case, and has filed a notice of appeal, dated August 18, 2003, from an order of Justice Louise Gruner Gans, dated August 18, 2003, in which plaintiff's motion to vacate was denied. Thus, although the instant appeal should be dismissed under *Sholes*, plaintiff has preserved his right to appeal the substantive ruling via the appropriate procedural mechanism (*id.* at 335). Concur—Buckley, P.J., Rosenberger, Ellerin, Williams and Gonzalez, JJ.