■ Vira Hladun-Goldmann, Appellant, v Rentsch Associates, Respondent. [779 NYS2d 183]—

Appeal from judgment, Supreme Court, New York County (Ira Gammerman, J.), entered October 2, 2003, in favor of defendant and against plaintiff in the amount of $34,021.31, inclusive of interest, costs and disbursements, unanimously dismissed, without costs, as based upon sua sponte orders. Appeal from order, same court and Justice, entered May 1, 2003, which, sua sponte, dismissed the complaint and resolved liability on the counterclaim in favor of defendant unless plaintiff appeared for deposition on May 7, 2003, unanimously dismissed as subsumed in the appeal from the judgment insofar as it conditionally resolved liability on the counterclaim, and unanimously dismissed as taken from a sua sponte order insofar as it conditionally dismissed the complaint, without costs. Appeal from order, same court and Justice, entered May 13, 2003, which, pursuant to the order of May 1, 2003, dismissed the complaint and directed entry of a judgment awarding damages on the counterclaim in an amount to be determined by a Special Referee, unanimously dismissed as taken from a sua sponte order insofar as it dismissed the complaint, and unanimously dismissed as subsumed in the appeal from the judgment insofar as it resolved liability on the counterclaim and directed a reference, without costs. Appeal from order, same court (Leslie S. Lowenstein, Special Ref.), entered August 7, 2003, which, pursuant to the order of May 13, 2003, directed entry of judgment in favor of defendant in the principal amount of $31,739.54, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

There is no right of appeal from a judgment based upon a sua sponte order (*Diaz v New York Mercantile Exch.*, 1 AD3d 242 [2003]). The May 1 order dismissing the complaint and resolving liability on the counterclaim in defendant's favor unless plaintiff returned to New York within a week for her deposition was made sua sponte because defendant made no motion on notice for such relief (*Sholes v Meagher*, 100 NY2d 333, 335 n 2 [2003]), and indeed did not ask for such relief even informally. Defendant had simply requested a ''pre-motion conference'' because it wanted to move for summary judgment on the ground that plaintiff's responses to discovery requests showed that she had no damages. The May 13 unconditional order implementing the sua sponte May 1 conditional order was made sua sponte because it too did not decide a motion made on notice. We decline to grant leave to appeal (CPLR 5701 [c]) since the rec-

ord is insufficient to permit review of the motion court's implicit finding that plaintiff's failure to appear for deposition was willful and contumacious (*see Commerce & Indus. Ins. Co. v Lib-Com, Ltd.*, 266 AD2d 142, 145 [1999]). We also note that plaintiff properly moved to vacate the judgment (*see Sholes*, 100 NY2d at 335-336); that by order dated December 9, 2003, the judgment was vacated on condition that all disclosure be completed by the end of 2003; that plaintiff filed a notice of appeal from that order; and that she still has time to perfect that appeal. Concur—Buckley, P.J., Lerner, Friedman, Marlow and Sweeny, JJ.