■ CHERISE ROBINSON, Respondent, v STATE OF NEW YORK, Appellant. JUNE DUFFY, Nonparty Appellant. (Claim No. 95245.) [789 NYS2d 918]—

In a claim to recover damages for personal injuries, the defendant and June Duffy, an assistant attorney general, appeal from a judgment of the Court of Claims (Collins, J.), dated October 30, 2003, which, upon an order of the same court dated October 21, 2003, denying their motion to vacate a prior order of the same court dated September 11, 2000, which had granted that branch of the claimant's application which was to impose a sanction pursuant to 22 NYCRR 130-1.1 against June Duffy, imposed a sanction against June Duffy.

Ordered that the appeal by the defendant is dismissed, as it is not aggrieved by the judgment appealed from (see CPLR 5511); and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the claimant payable by June Duffy.

Contrary to the claimant's contention, the Court of Claims had the authority to entertain the appellants' motion to vacate an order dated September 11, 2000, which granted that branch of its motion which was to impose a sanction against June Duffy, an assistant attorney general. The dismissal of the defendant's prior appeal (see *Robinson v State of New York*, 287 AD2d 610 [2001]), was on procedural grounds and made no determination on the merits. Thus, moving to vacate was a proper procedural vehicle for challenging the order imposing a sanction (see *Sholes v Meagher*, 100 NY2d 333 [2003]) and the instant appeal is taken as of right from the judgment entered upon the order denying that motion (see *Diaz v New York Mercantile Exch.*, 1 AD3d 242 [2003]). Moreover, the Court of Claims possessed the inherent authority to vacate its own order for sufficient reason in the furtherance of justice (see *Bellevue-Santiago v City Ready Mix*, 270 AD2d 441 [2000]).

However, on the merits, the Court of Claims providently exercised its discretion in denying the motion to vacate the order dated September 11, 2000. Duffy failed to demonstrate any basis, pursuant to CPLR 5015, for vacating the order, nor did she prove that a sanction was unwarranted.

The parties' remaining contentions are without merit. H. Miller, J.P., Cozier, S. Miller and Fisher, JJ., concur.