■ ARCADE CONTRACTING & RESTORATION, INC., Respondent, v 24 AQUEDUCT LANE CONDOMINIUM ASSOCIATION, Defendant and Third-Party Plaintiff-Appellant. WALTER B. MELVIN, ARCHITECTS, LLC, Third-Party Defendant-Respondent. (Action No. 1.) 24 AQUEDUCT LANE CONDOMINIUM ASSOCIATION, Appellant, v ARCADE CONTRACTING & RESTORATION, INC., et al., Respondents. (Action No. 2.) [858 NYS2d 264]—

In related actions, inter alia, to recover damages for breach of contract, 24 Aqueduct Lane Condominium Association, the defendant third-party plaintiff in action No. 1 and the plaintiff in action No. 2, appeals from an order of the Supreme Court, Westchester County (Donovan, J.), entered October 1, 2007, which denied its motion to vacate an order of the same court dated March 9, 2007, granting the oral applications of Arcade Contracting & Restoration, Inc., the plaintiff in action No. 1 and a defendant in action No. 2, and Walter B. Melvin, Architects, LLC, the third-party defendant in action No. 1 and a defendant in action No. 2, to strike its pleadings in both actions, and directing an inquest on damages.

Ordered that the order is reversed, on the law, with one bill of costs, and the motion to vacate the order dated March 9, 2007 is granted.

Contrary to the determination of the Supreme Court and the contentions of the respondents, the appellant's motion to vacate the order dated March 9, 2007 was a proper procedural vehicle for challenging that order, which determined oral applications made at a conference, and the instant appeal is taken as of right from the order entered October 1, 2007 denying that motion to vacate (see Robinson v State of New York, 15 AD3d 640 [2005]; Egwuonwu v Simpson, 4 AD3d 500 [2004]).

The court improvidently denied the motion to vacate the order, which, inter alia, struck the appellant's pleadings for purported discovery violations. The appellant established that it had provided the other parties to the action with lengthy statements detailing its claims, as well as with copies of numerous documents. The determination whether to strike a pleading for

failure to comply with discovery lies within the sound discretion of the trial court (*see* CPLR 3126 [3]; *Byrne v City of New York*, 301 AD2d 489, 490 [2003]; *Cianciolo v Trism Specialized Carriers*, 274 AD2d 369, 370 [2000]; *Vancott v Great Atl. & Pac. Tea Co.*, 271 AD2d 438 [2000]; *Brown v United Christian Evangelistic Assn.*, 270 AD2d 378, 379 [2000]). However, the drastic remedy of striking a pleading is not appropriate where, as here, there is no clear showing of a failure to comply with discovery demands, much less a willful or contumacious failure to comply (*see* CPLR 3126 [3]; *Dean v Usine Campagna*, 44 AD3d 603, 605 [2007]; *Estate of Ort v Ort*, 41 AD3d 777 [2007]). Rivera, J.P., Lifson, Miller, Carni and Eng, JJ., concur.