*515 OPINION OF THE COURT
Diana A. Johnson, S.
Petitioner, the executor of the estate of Shlomo Cyngiel, moves for “an appealable order” of this court’s decision/order of November 30, 2012.
Incident to the probate of this estate a status hearing was conducted resulting in a decision/order dated November 30, 2012 (decision/order), finding that decedent, Shlomo Cyngiel, and objectant, Dora Avrumson, were married at the time of decedent’s death, and therefore objectant’s status was that of surviving spouse.
On December 7, 2012, petitioner appealed the decision/order of November 30, 2012. On November 14, 2013, the Appellate Division on its own motion dismissed the appeal on the ground that no appeal lies from a decision (see Matter of Cyngiel, 2013 NY Slip Op 91309[U] [2d Dept 2013]).
Petitioner requests the court now execute an appealable interlocutory order in accordance with CPLR 5701, arguing the status issue is central to the merits of the dispute and CPLR 5701 (a) (2) provides that appeals from interlocutory orders may be taken as right to the Appellate Division when the issues at stake involve “some part of the merits” or “affect[ ] a substantial right” (CPLR 5701 [a] [2] [iv], [v]). Petitioner opines, “Since this Court never put its November 30, 2012 decision into an appealable form, the Executor remains estopped from seeking appellate review.” Appended to the notice of motion as “Exhibit F” is a proposed “ORDER” for the court’s signature.
Petitioner has misconstrued the Appellate Division’s denial of review. It is not the form of the decision/order of November 30, 2012, which prevented an appeal from being entertained, but rather its character. Procedurally, the decision/order of November 30, 2012 is not appealable. Under CPLR 5701 (a) (2) only orders made on notice of motion are appealable as of right. The status hearing culminating in the decision/order of November 30, 2012, was conducted in order to determine whether Dora Avrumson had status to file objections to the will, a necessary prerequisite to determining the probate proceeding.* The deter *516 mination, that objectant was decedent’s surviving spouse, was not appealable as of right as it did not emanate out of a motion made on notice. The CPLR, however, provides the methodology for obtaining appellate review of orders not appealable as of right. Pursuant to CPLR 5701 (a) (3), an appeal may be taken as of right from an order, where the motion it decided was made upon notice, refusing to vacate or modify a prior order, if the prior order would have been appealable as of right under paragraph (2) had it decided a motion made upon notice. Doing so will bring up for review all of the matters addressed in the earlier order unable to be appealed (see Sholes v Meagher, 100 NY2d 333 [2003]; David D. Siegel, 2003 Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 5701, 2013 Supp Pamph at 356). Thus it is not for this court to put the decision/order of November 30, 2012, into “appealable form”; rather it was for petitioner to have followed the procedure outlined in CPLR 5701 (a) (3) to obtain appellate review of the decision/order of November 30, 2012.
The court would note that at this point in time the decision/ order of November 30, 2012, is no longer subject to CPLR 5701 (a) (3) treatment as the right of direct appeal terminated with the entry of the probate decree in this proceeding (Matter of Aho, 39 NY2d 241 [1976]; Matter of Skolnick, 108 AD3d 720 [2d Dept 2013]; Matter of Shuster, 274 AD2d 397 [2d Dept 2000]). Accordingly petitioner’s remedy at this point is to appeal the probate decree of April 25, 2013. Whether or not an appeal from the probate decree also brings up for review the nonfinal order of November 30, 2012, depends on whether the Appellate Division determines the issue of status “necessarily affects” the decree (CPLR 5501 [a] [1]).
Accordingly petitioner’s motion is denied.

 Parenthetically the objections filed by Dora Avrumson were withdrawn by stipulation dated April 3, 2013, pursuant to which the court in a decision/ order dated April 24, 2013, admitted the will to probate, signing the decree on April 25, 2013.