Appeal from order, Supreme Court, New York County (Joan M. Kenney, J.), entered April 5, 2012, denying petitioner’s motion for leave to renew or reargue a prior order, same court and Justice, entered June 10, 2011, which sua sponte dismissed, as abandoned, the underlying proceeding to vacate or modify an arbitration award, unanimously dismissed, without costs, as taken from a nonappealable paper.
This proceeding arises out of an arbitration award rendered July 13, 2007 that imposed upon respondent a penalty of six months’ unpaid suspension and mandatory counseling based on a finding that he had engaged in inappropriate contact with female students. The petition seeks judgment vacating the award (CPLR 7511 [b] [1]) or, in the alternative, modifying the award to impose a penalty terminating respondent’s employment as a tenured teacher with the New York City School District (CPLR 7511 [c]). Respondent interposed a motion to dismiss the petition for lack of personal jurisdiction (CPLR 404 [a]), the denial of which was affirmed by this Court in September 2009 (65 AD3d 934 [1st Dept 2009]). Petitioner did not inquire as to the status of the matter until September 2010 and upon learning that the assigned Justice had retired, undertook to have the matter restored to the calendar. A status conference was ultimately held on March 3, 2011, at which time petitioner was directed to retrieve the court file and attempt to reach a settlement with respondent, with the condition that if petitioner’s attorney was without authority to settle the matter, it would be dismissed as abandoned. At a second conference conducted later that month, petitioner informed the court that while counsel did have settlement authority, the parties were unable to reach an agreement. The matter was adjourned to May 25, 2011, at which time the court issued a sua sponte order dismissing the proceeding as abandoned in accordance with its March 3, 2011 order. Petitioner then brought the instant motion, designated as one to renew and/or reargue, contending that the court had “overlooked the entire procedural history of this matter and misapplied the applicable law regarding when a proceeding may be deemed abandoned.”
*573 It is well settled that no appeal lies from an order issued sua sponte (CPLR 5701 [a] [2]; Sholes v Meagher, 100 NY2d 333, 335 [2003]) or from an order denying reargument (see Marine Midland Bank v Bowker, 89 AD2d 194 [3d Dept 1982], affd for reasons stated below 59 NY2d 739 [1983]). Although petitioner failed to identify the nature of this application in contravention of statutory requirements (CPLR 2221 [d] [1]; [e] [1]), the motion specifies matters of fact and law asserted to have been misapprehended by the court and clearly seeks reargument (CPLR 2221 [d] [2]). Furthermore, this Court has repeatedly stated that the proper procedure to be followed to appeal from a sua sponte order is to apply to vacate the order and then appeal from the denial of that motion (CPLR 5701 [a] [3]; see e.g. Diaz v New York Mercantile Exch., 1 AD3d 242, 243 [1st Dept 2003]) so that a suitable record may be made and counsel afforded the opportunity to be heard on the issues (see Davidson v Regan Fund Mgt. Ltd., 15 AD3d 172 [1st Dept 2005]). Alternatively, the aggrieved party may seek permission to appeal (CPLR 5701 [c]).
Nothing in the moving papers identifies the application as one seeking to vacate the motion court’s order, nor does it provide the requisite demonstration of the merit of the proceeding (see Carroll v Nostra Realty Corp., 54 AD3d 623 [1st Dept 2008], lv dismissed 12 NY3d 792 [2009]; cf. Mediavilla v Gurman, 272 AD2d 146 [1st Dept 2000]). In particular, it does not demonstrate that a disagreement over the penalty assessed by the arbitrator constitutes a basis for vacating the award on a ground specified by statute (CPLR 7511 [b] [1]) or that there is any ground for modification of the award (CPLR 7511 [c]). We note that petitioner has not sought leave to appeal (see CPLR 5701 [c]) and, given the passage of seven years since the issuance of the arbitration award, we decline to nostra sponte grant such relief.
Concur — Tom, J.P, Acosta, Freedman and Kapnick, JJ.