Active Care Medical Supply Corp., as Assignee of Malcolm Sade, Appellant,
against
Delos Insurance Company, Respondent.




The Rybak Firm, PLLC (Damin J. Toell, Esq.), for appellant.
Rubin, Fiorella & Friedman, LLP (Conrad Horowitz, Esq.) for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Terrence C. O'Connor, J.), entered October 23, 2015. The order, insofar as appealed from as limited by the brief, sua sponte, awarded defense counsel "$250 in fees."




ORDERED that the appeal is dismissed.
Plaintiff commenced this action to recover first-party no-fault benefits for medical supplies provided to its assignor, who allegedly had sustained injuries in a motor vehicle accident which had occurred on June 26, 2010. Defendant moved for summary judgment dismissing the complaint on the ground that the action was barred by the doctrines of res judicata and collateral estoppel by virtue of an order it had obtained against this provider, among others, in a Supreme Court declaratory judgment action involving the same motor vehicle accident. Plaintiff opposed defendant's motion and cross-moved for various types of relief. The Civil Court, in an order entered October 23, 2015, granted defendant's motion for summary judgment dismissing the complaint, denied plaintiff's cross motion and, sua sponte, awarded defense counsel "$250 in fees." Plaintiff appeals, as limited by its brief, from so much of the order as awarded defense counsel "$250 in fees."
We assume that the Civil Court, in making its award, was relying upon Rules of the Chief Administrator of the Courts (22 NYCRR) § 130-1.1 (a), which permits a court, on its own initiative, to award "to any party or attorney . . . costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorney's fees, resulting from frivolous conduct."[FN1]
 While a court may make such award on its own initiative (after affording the parties a reasonable opportunity to be heard and setting forth its findings in a written decision), we note that no appeal as of right lies from the portion of an order which is decided sua sponte (see CCA 1702 [a] [2]; Sholes v Meagher, 100 NY2d 333 [2003]), and we decline to grant leave to appeal. We further note that plaintiff "could properly have moved to vacate the order and appealed as of right" to this court in the event that such motion was denied (Sholes v Meagher, 100 NY2d at 335; see CCA 1702 [a] [3]). 

Accordingly, the appeal is dismissed.

Weston, J.P., Aliotta and Elliot, JJ., concur.



ENTER:

Paul Kenny

Chief Clerk

Decision Date: May 12, 2017



Footnotes

Footnote 1: It is unlikely that the Civil Court intended to award motion costs, since the court is limited to awarding an amount not in excess of $50 (see CCA 1906 [a]) and since such an award is generally made to a party in the litigation and not to counsel.