Hillside Comprehensive Pain Mgmt., P.C., as Assignee of Keith Williams, Appellant,
against
MVAIC, Respondent.




Glinkenhouse, Floumanhaft & Queen by Glinkenhouse Queen (Alan Queen of counsel), for Appellant.
Bruno, Gerbino & Soriano, LLP (Nathan Shapiro of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Larry Love, J.), entered June 10, 2016. The order, insofar as appealed from, upon denying a motion by defendant to vacate a default judgment of that court entered March 5, 2007 and to dismiss the complaint, sua sponte, modified the judgment by tolling the accrual of interest from March 5, 2007 through March 1, 2016.




ORDERED that the appeal is dismissed.
Plaintiff commenced this action in 2001 to recover assigned first-party no-fault benefits. Defendant served an answer, but failed to appear for trial on March 5, 2007. An inquest was conducted on the trial date, and a default judgment awarding plaintiff the principal sum of $6,930.43 and interest in the amount of $14,801.32 was entered on March 1, 2016. Shortly thereafter, defendant moved to vacate the default judgment, stay enforcement of the judgment, stay the restraint of any of its bank accounts or release any bank accounts that may have been restrained, and to dismiss the complaint. Plaintiff opposed defendant's motion. By order entered June 10, 2016, the Civil Court denied defendant's motion but, sua sponte, modified the judgment by tolling the accrual of interest from March 5, 2007 through March 1, 2016 on the ground that an "inordinate amount of time" had passed, without explanation, between the inquest in 2007 and the entry of the judgment in 2016. Plaintiff appeals only from the part of the order which, sua sponte, modified the judgment by tolling the accrual of interest from March 5, 2007 through March 1, 2016.
The portion of the order which tolled the accrual of interest did not address a demand for relief made on notice to plaintiff and was, therefore, sua sponte. Thus, that portion of the order is not appealable as of right (see CCA 1702 [a] [2]; Sholes v Meagher, 100 NY2d 333 [2003]; [*2]Active Care Med. Supply Corp. v Delos Ins. Co., 55 Misc 3d 144[A], 2017 NY Slip Op 50650[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]), and we decline to grant leave to appeal. Plaintiff "could properly have moved to vacate the order and appealed as of right" to this court in the event that the motion was denied (Sholes, 100 NY2d at 335; Active Care Med. Supply Corp., 55 Misc 3d 144[A], 2017 NY Slip Op 50650[U]; see CCA 1702 [a] [3]), but plaintiff failed to make such a motion.
Accordingly, the appeal is dismissed. 
PESCE, P.J., ALIOTTA and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 04, 2018