Estate of Franzese v Zear LLC (2019 NY Slip Op 04265)





Estate of Franzese v Zear LLC


2019 NY Slip Op 04265


Decided on May 30, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 30, 2019

Friedman, J.P., Gische, Tom, Webber, Gesmer, JJ.


9419 114680/10

[*1]The Estate of Anthony Franzese, Plaintiff-Respondent,
v
Zear LLC, Defendant-Appellant, Zenon Chernyk, et al., Defendants.


Lester Schwab Katz & Dwyer, LLP, New York (Daniel S. Kotler of counsel), for appellant.
Law Office of John James, New York (John James of counsel), for respondent.



Order, Supreme Court, New York County (Gerald Lebovits, J.), entered on or about November 7, 2018, which denied defendant Zear LLC's (defendant) motion to vacate orders, same court (Richard F. Braun, J.), entered March 18, 2015, and dated August 8, 2017, to the extent they restored the negligence claim against it to active status and ordered disclosure, and to dismiss the complaint, unanimously reversed, on the law and the facts, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint.
Plaintiff's contention that defendant should have appealed from the March 2015 order is without merit, as that order did not decide a motion made upon notice (see CPLR 5701[a][2]; Sholes v Meagher, 100 NY2d 333, 335 [2003]). Defendant acted properly by moving to vacate the March 2015 and August 2017 orders and then appealing from the denial of vacatur (see Sholes, 100 NY2d at 335).
The July 2014 stipulations between defense counsel and Mr. Franzese's then-lawyer, which were so-ordered in August 2014, were "express and unconditional stipulation[s] of discontinuance ..., which w[ere] sufficient to terminate the action" (Rotter v Ripka, 138 AD3d 567, 567 [1st Dept 2016]; see also Teitelbaum Holdings v Gold, 48 NY2d 51, 53, 56 [1979]). The July 2014 stipulation permitted Mr. Franzese to recommence or renew his negligence claim on or before April 24, 2015. Mr. Franzese, however, never recommenced or renewed his negligence claim. His former attorney, unable to locate his client, belatedly sought to "stay" dismissal of the action, which the court declined to sign. Accordingly, the action was discontinued as of July 21, 2014.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 30, 2019
CLERK