Duberry v CNM Analytics, Inc. (2020 NY Slip Op 00846)





Duberry v CNM Analytics, Inc.


2020 NY Slip Op 00846


Decided on February 5, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2017-10010
 (Index No. 5735/15)

[*1]Kathleen Duberry, respondent, 
v
CNM Analytics, Inc., et al., appellants, et al., defendants.


Richland & Falkowski, PLLC, Washingtonville, NY (Daniel H. Richland of counsel), for appellant CNM Analytics, Inc.
Sondak Law Group, PLLC, New York, NY (Alisa Sondak of counsel), for appellant Hansraj Rajendra, also known as Roger Hans.
Queens Legal Services, Jamaica, NY (Sara Manaugh, Franklin Romeo, and Weil, Gotshall & Manges LLP [Richard W. Slack], of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for fraud, the defendants CNM Analytics, Inc., and Hansraj Rajendra, also known as Roger Hans, separately appeal from an order of the Supreme Court, Queens County (Pam Jackman Brown, J.), entered August 28, 2017. The order, insofar as appealed from by the defendant CNM Analytics, Inc., (1) sua sponte, in effect, vacated an order of the same court (Robert L. Nahman, J.) dated May 19, 2016, granting its motion to dismiss the complaint insofar as asserted against it for failure to state a cause of action, (2) sua sponte, vacated so much of an order of the same court (Pam Jackman Brown, J.) dated May 5, 2017, as granted its cross motion to dismiss an amended complaint insofar as asserted against it, and (3) granted that branch of the plaintiff's motion which was to preliminarily enjoin it from, inter alia, alienating, transferring, assigning, mortgaging, or renting the subject property. The order, insofar as appealed from by the defendant Hansraj Rajendra, also known as Roger Hans, (1) sua sponte, in effect, vacated an order of the same court (Robert L. Nahman, J.), also dated May 19, 2016, granting his motion to dismiss the complaint insofar as asserted against him for failure to state a cause of action, (2) sua sponte, vacated so much of the order dated May 5, 2017, as granted his cross motion to dismiss the amended complaint insofar as against him, and (3) granted that branch of the plaintiff's motion which was to preliminarily enjoin him from, inter alia, alienating, transferring, assigning, mortgaging, or renting the subject property.
ORDERED that the appeals from so much of the order entered August 28, 2017, as, sua sponte, in effect, vacated the orders dated May 19, 2016, and, sua sponte, vacated so much of the order dated May 5, 2017, as granted the separate cross motions of the defendants CNM Analytics, Inc., and Hansraj Rajendra, also known as Roger Hans, to dismiss the amended complaint insofar as asserted against each of them are dismissed; and it is further,
ORDERED that the appeal by the defendant Hansraj Rajendra, also known as Roger [*2]Hans, from so much of the order entered August 28, 2017, as granted that branch of the plaintiff's motion which was to preliminarily enjoin him from, inter alia, alienating, transferring, assigning, mortgaging, or renting the subject property is dismissed; and it is further,
ORDERED that the order entered August 28, 2017, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff alleges that the defendant Hansraj Rajendra, also known as Roger Hans (hereinafter Hans), claimed that he would assist her in obtaining a modification of a mortgage on her home, and convinced her to sign paperwork which purportedly sought modification of the mortgage, but which instead conveyed ownership of her home to the defendant CNM Analytics, Inc. (hereinafter CNM). In May 2015, the plaintiff commenced this action, inter alia, to recover damages for fraud relating to that transaction.
CNM and Hans made separate motions to dismiss the complaint insofar as asserted against each of them for failure to state a cause of action. The plaintiff cross-moved, inter alia, for leave to serve a supplemental summons and amended complaint to add a cause of action under the Home Equity Theft Prevention Act.
The separate motions by CNM and Hans to dismiss the complaint insofar as asserted against each of them were granted by Justice Robert L. Nahman in separate orders, both dated May 19, 2016, on the ground that the causes of action in the complaint were not pleaded with specificity. The order granting CNM's motion to dismiss the complaint insofar as asserted against it also stated that CNM "is named only in the caption and there are no allegations against it in the complaint."
The plaintiff's cross motion for leave to serve a supplemental summons and amended complaint was granted by Justice Nahman in a separate order dated July 28, 2016, and a supplemental summons and amended complaint was thereafter served. When CNM and Hans failed to answer the amended complaint, the plaintiff moved for leave to enter a default judgment against them. Hans and CNM separately cross-moved to dismiss the amended complaint insofar as asserted against each of them. While the motion and cross motions were pending, in March 2017, by order to show cause, the plaintiff moved to preliminarily enjoin the defendants, including CNM and Hans, from, inter alia, alienating, transferring, assigning, mortgaging, or renting the subject property. The plaintiff's attorney and her sons claimed that Hans had engaged in a program of harassment intended to force the plaintiff to move out of her home.
Before papers were served in opposition to the motion for a preliminary injunction, Justice Pam Jackman Brown, who was now assigned to the case, in an order dated May 5, 2017, denied the plaintiff's motion for leave to enter a default judgment and, in effect, granted the respective cross motions of Hans and CNM to dismiss the amended complaint insofar as asserted against each of them, on the ground that, pursuant to the order dated May 19, 2016, "no cause of action lies against those defendants."
In an affirmation dated May 10, 2017, CNM opposed that branch of the plaintiff's motion which was for a preliminary injunction against it, on the grounds, inter alia, that it was no longer a party to the action, and the plaintiff failed to show irreparable harm. Hans did not oppose the motion for a preliminary injunction.
In reply to the opposition to her motion for a preliminary injunction, the plaintiff argued that the Supreme Court retained continuing jurisdiction to reconsider its prior orders and, in any event, she intended to move for vacatur of the order dated May 5, 2017, and she asked the court to hold her motion for a preliminary injunction in abeyance to give her time to move to vacate the order dated May 5, 2017.
In the order appealed from, the Supreme Court, sua sponte, vacated the order dated [*3]May 5, 2017, and "[a]ll prior dismissals against any defendant," and granted the plaintiff's motion for a preliminary injunction. CNM and Hans separately appeal.
No appeal lies as of right from so much of the order entered August 28, 2017, as, sua sponte, in effect, vacated the orders dated May 19, 2016, and, sua sponte, vacated so much of the order dated May 5, 2017, as granted the separate cross motions of CNM and Hans to dismiss the amended complaint insofar as asserted against each of them, as those portions of the order entered August 28, 2017, did not decide a motion made on notice (see CPLR 5701[a][2]; Sholes v Meagher, 100 NY2d 333, 335). Since we decline to grant leave to appeal from those portions of the order entered August 28, 2017 (see CPLR 5701[c]), the appellants' contentions regarding the vacatur of the prior orders are not properly before this Court.
Hans's appeal from so much of the order entered August 28, 2017, as granted that branch of the plaintiff's motion which was for a preliminary injunction against him must be dismissed, since he failed to oppose that motion, and no appeal lies from a portion of an order which was entered upon the default of the appealing party (see CPLR 5511).
CNM's basis for challenging the grant of a preliminary injunction against it is without merit. As previously noted, its contention that the orders dismissing the action against it were improperly vacated, therefore a preliminary injunction against it could not be granted, is not properly before this Court. Once an amended complaint was served, the sufficiency of the original complaint was academic (see Elegante Leasing, Ltd. v Cross Trans Svc, Inc., 11 AD3d 650). CNM's remaining contentions are without merit.
Accordingly, the order entered August 28, 2017, is affirmed insofar as reviewed.
RIVERA, J.P., HINDS-RADIX, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court