Adams v Estick (2020 NY Slip Op 51117(U))

[*1]

Adams v Estick

2020 NY Slip Op 51117(U) [69 Misc 3d 127(A)]

Decided on September 11, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on September 11, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, DAVID ELLIOT, JJ

2018-1169 K C

Keith Adams, Appellant, 
against
Selwyn Estick, Respondent. 

Alter & Barbaro, Esqs. (Nichole Bishop Castillo of counsel), for appellant.
Hanschke, P.C. (Peter Hanschke of counsel), for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Odessa
Kennedy, J.), entered April 23, 2018. The order, insofar as appealed from as limited by the brief,
upon denying a motion by plaintiff to amend the caption, sua sponte, dismissed the complaint
with prejudice and left undetermined a cross motion by defendant to vacate a judgment of that
court entered May 2, 2002 upon defendant's failure to appear or answer the complaint, and, upon
such vacatur, for leave to serve an answer.

ORDERED that, on the court's own motion, the notice of appeal from so much of the order
as, sua sponte, dismissed the complaint with prejudice is deemed an application for leave to
appeal from that portion of the order, and leave to appeal is granted (see CCA 1702 [c]);
and it is further,
ORDERED that, the order, insofar as appealed from, is reversed, without costs, the sua
sponte dismissal of the complaint is vacated and the matter is remitted to the Civil Court for a
determination of defendant's cross motion.
Plaintiff commenced this action in March 2001, seeking to domesticate a judgment that he
had allegedly obtained against defendant in Guyana in 1996. Defendant failed to appear, and a
judgment was entered against him on May 2, 2002. In January 2018, plaintiff moved to amend
defendant's last name in the caption of the action from "Estick" to "Hestick" and to add "C" as a
middle initial. Defendant cross-moved to vacate the default judgment and for leave to serve an
answer, contending, among other things, that his last name has always been spelled Hestick, that
there has never been a judgment entered against Selwyn Hestick in Guyana for this matter, and
that he had never lived at the address listed in plaintiff's affidavit of service in this Civil Court
action. The Civil Court denied plaintiff's motion to amend the caption and, sua sponte, dismissed
the complaint with prejudice, leaving undetermined defendant's cross motion. As limited by the
[*2]brief, plaintiff appeals from so much of the order as sua
sponte dismissed the complaint with prejudice.
While no appeal as of right lies from the sua sponte portion of the order (see CCA
1702 [a] [2]; CPLR 2211; Sholes v Meagher, 100 NY2d 333 [2003]), we deem the notice
of appeal from that portion of the order to be an application for leave to appeal from that portion
of the order and grant plaintiff's application (see CCA 1702 [a] [3]; Sholes v
Meagher, 100 NY2d at 335). As defendant's cross motion sought only to vacate the judgment
and grant defendant leave to serve an answer, it was error for the Civil Court to sua sponte
dismiss the complaint. Consequently, the order, insofar as appealed from, is reversed, the sua
sponte dismissal of the complaint is vacated and the matter is remitted for a determination of
defendant's cross motion.
ALIOTTA, P.J., WESTON and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: September 11, 2020