Ahmed Med. Care, P.C. v State Farm Mut. Auto. Ins. Co. (2025 NY Slip Op 50825(U))

[*1]

Ahmed Med. Care, P.C. v State Farm Mut. Auto. Ins. Co.

2025 NY Slip Op 50825(U)

Decided on May 2, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 2, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : CHEREÉ A. BUGGS, J.P., MARINA CORA MUNDY, JOANNE D. QUIÑONES, JJ

2024-483 K C

Ahmed Medical Care, P.C., as Assignee of Isaacs, Wesley, Appellant, 
against
State Farm Mutual Automobile Ins. Co., Respondent. 

The Rybak Firm, PLLC (Damin J. Toell and Richard Rozhik of counsel), for appellant.
Rivkin Radler, LLP (Stuart M. Bodoff and Anthony Hawkins of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Sandra E. Roper, J.), entered March 7, 2024. The order, sua sponte, dismissed the complaint as barred by the doctrine of res judicata and denied, as moot, plaintiff's motion to compel discovery and strike defendant's affirmative defenses.

ORDERED that, on the court's own motion, so much of the notice of appeal as is from the portion of the order as, sua sponte, dismissed the complaint is deemed an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CCA 1702 [c]); and it is further,
ORDERED that the order is modified by vacating so much thereof as, sua sponte, dismissed the eighth and ninth causes of action, and denied, as moot, plaintiff's motion to compel discovery and strike defendant's affirmative defenses; as so modified, the order is affirmed, without costs, and the matter is remitted to the Civil Court for a determination of plaintiff's motion on the merits.
Plaintiff commenced this action on January 11, 2018 to recover assigned first-party no-fault benefits for services provided to Wesley Isaacs, who was allegedly injured in a motor vehicle accident on April 2, 2016. Plaintiff asserted eight causes of action, based on eight bills, and a ninth cause of action seeking interest and attorney's fees. Plaintiff moved to compel discovery and strike defendant's affirmative defenses. The Civil Court took judicial notice of a [*2]judgment that had been entered on April 24, 2017 in the Supreme Court, Nassau County, declaring that plaintiff had no right to receive payments for certain bills submitted to defendant. These bills included seven of the eight claims in the instant action. By order entered March 7, 2024, the Civil Court, sua sponte, dismissed the complaint as barred by the doctrine of res judicata and denied, as moot, plaintiff's motion.[FN1]

While no appeal as of right lies from the sua sponte portion of the March 7, 2024 order (see CCA 1702 [a] [2]; Sholes v Meagher, 100 NY2d 333 [2003]), we deem the notice of appeal to be an application for leave to appeal from that portion of the order and grant plaintiff's application (see CCA 1702 [c]).
By virtue of the Supreme Court declaratory judgment, of which the Civil Court properly took judicial notice (see Kingsbrook Jewish Med. Ctr. v Allstate Ins. Co., 61 AD3d 13 [2009]; Matter of Khatibi v Weill, 8 AD3d 485 [2005]; Healing Art Acupuncture, P.C. v 21st Century Ins. Co., 59 Misc 3d 139[A], 2018 NY Slip Op 50583[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]; Renelique v State-Wide Ins. Co., 50 Misc 3d 137[A], 2016 NY Slip Op 50096[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]), there has been a conclusive determination of the merits of the first seven causes of action. Any judgment in favor of plaintiff in the present action as to the first seven causes of action would destroy or impair rights or interests established by the judgment in the declaratory judgment action (see Schuylkill Fuel Corp. v Nieberg Realty Corp., 250 NY 304 [1929]; Flushing Traditional Acupuncture, P.C. v Kemper Ins. Co., 42 Misc 3d 133[A], 2014 NY Slip Op 50052[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]). Consequently, the Civil Court properly dismissed the first through seventh causes of action as barred by the doctrine of res judicata, even though the declaratory judgment was entered on default (see Lazides v P & G Enters., 58 AD3d 607 [2009]). The eighth cause of action, however, involves a claim not included in the declaratory judgment action, and the ninth cause of action sought interest and attorney's fees. Thus, the Civil Court should not have dismissed those causes of action.
Accordingly, the order is modified by vacating so much thereof as, sua sponte, dismissed the eighth and ninth causes of action, and denied, as moot, plaintiff's motion. The matter is remitted to the Civil Court for a determination of plaintiff's motion on the merits.
BUGGS, J.P., MUNDY and QUIÑONES, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 2, 2025

Footnotes

Footnote 1: There was a purported cross-motion made by defendant, but the Civil Court did not consider it in its order.