Brown v Gutiez (2025 NY Slip Op 02870)

Brown v Gutiez

2025 NY Slip Op 02870

Decided on May 13, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 13, 2025

Before: Moulton, J.P., Kapnick, Scarpulla, Rodriguez, Higgitt, JJ. 

Index No. 321243/20|Appeal No. 4352|Case No. 2024-04499|

[*1]William Nathaniel Brown, Plaintiff-Respondent,
v
Silvia Espinosa Gutiez, Defendant-Appellant.

Silvia Espinosa Gutiez, appellant pro se.
William Nathaniel Brown, respondent pro se.

Appeal from temporary order, Supreme Court, New York County (Kathleen Waterman-Marshall, J.), entered July 8, 2024, which, after a hearing at the court's direction, modified the prior order regarding parenting time dated November 10, 2021 to expand the father's parenting time with the subject child, unanimously dismissed, without costs, as taken from a nonappealable order.
The order modifying the father's parenting time is not appealable as of right because it did not decide a motion made on notice (see CPLR 5701[a][2][v]; Sholes v Meagher, 100 NY2d 333, 335 [2003]). The proper procedure for seeking review of such an order is to first move to vacate the order, and then take an appeal as of right in accordance with CPLR 5701(a)(3) from the subsequent order, based on the record developed on the motion (see Sholes, 100 NY2d at 335). Nor did the order grant such extraordinary relief that the notice of appeal should be deemed a motion for leave to appeal (see Umeh v New York City Health & Hosps. Corp., 205 AD3d 599, 601 [1st Dept 2022]). In any event, a review of the record shows that the court properly ordered the temporary visitation schedule pending the custody trial. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 13, 2025