Shu Ming Chiu v Singh (2025 NY Slip Op 51965(U))

[*1]

Shu Ming Chiu v Singh

2025 NY Slip Op 51965(U)

Decided on November 21, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 21, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., MARINA CORA MUNDY, JOANNE D. QUIÑONES, JJ

2025-262 Q C

Shu Ming Chiu, Respondent,
against
Bishnu Singh, Appellant, "John Doe" and "Jane Doe", Undertenants. 

Bishnu Singh, appellant pro se.
Law Office of Liu & Associates, PLLC (Ziqi Liu of counsel), for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Queens County (Enedina Pilar Sanchez, J.), dated February 18, 2025. The order, insofar as appealed from and as limited by the brief, upon granting New York Legal Assistance Group's motion to be relieved as counsel for tenant, stated, sua sponte, that landlord "is allowed to withdraw this holdover petition," and that "[a]ny other claims [tenant] has, aside from the one already adjudicated by the Small Claims Court, are preserved for a plenary action."

ORDERED that the appeal is dismissed.
In this holdover proceeding in which landlord sought to recover possession of the basement of the premises, tenant filed a counterclaim alleging that landlord breached a contract to pay him $16,600 for moving from the third floor of the premises to the basement. Tenant subsequently vacated the premises pursuant to a vacate order issued by the New York City Department of Housing Preservation and Development, and tenant's counsel filed a motion to be relieved as counsel. In an order dated February 18, 2025, insofar as appealed from as limited by the brief, the Civil Court (Enedina Pilar Sanchez, J.), upon granting tenant's counsel's motion, stated, sua sponte, that landlord "is allowed to withdraw this holdover petition," and that "[a]ny other claims [tenant] has, aside from the one already adjudicated by the Small Claims Court, are preserved for a plenary action." 
No appeal as of right lies from the portion of the order that tenant has appealed, as "it did not decide a motion made on notice" (Sholes v Meagher, 100 NY2d 333, 335 [2003]; see CCA 1702 [a] [2]). We decline to grant tenant leave to appeal. Tenant "could properly have moved to vacate [that portion of] the order and appealed as of right" to this court in the event that the motion to vacate was denied (Sholes v Meagher, 100 NY2d at 335; see Active Care Med. Supply Corp. v Delos Ins. Co., 55 Misc 3d 144[A], 2017 NY Slip Op 50650[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]).
Accordingly, the appeal is dismissed.
TOUSSAINT, P.J., MUNDY and QUIÑONES, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 21, 2025