Taxi Tours, Inc. v Go N.Y. Tours Inc. (2026 NY Slip Op 00034)

Taxi Tours, Inc. v Go N.Y. Tours Inc.

2026 NY Slip Op 00034

Decided on January 06, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 06, 2026

Before: Renwick, P.J., Manzanet-Daniels, Gesmer, Higgitt, Michael, JJ. 

Index No. 6530129/19|Appeal No. 5509|Case No. 2024-04929|

[*1]Taxi Tours, Inc., Plaintiff/Counterclaim Defendant-Respondent,
vGo New York Tours Inc., Defendant/Counterclaim Plaintiff-Appellant, Big Bus Tours Limited, et al., Counterclaim Defendants, Open Top Sightseeing USA, Inc., Counterclaim Defendant-Respondent, Go City North America, LLC, et al., Counterclaim Defendants-Respondents.

Barton LLP, New York (Maurice N. Ross of counsel), for appellant.
Olshan Frome Wolosky LLP, New York (Peter M. Sartorius of counsel), for Taxi Tours, Inc., Open Top Sightseeing USA, Inc., Go City North America, LLC, and Go City, Inc., respondents.
Gordon Rees Scully & Mansukhani LLP, Harrison (Kerry K. Jardine of counsel), for Gray Line New York Tours, Inc., Twin America, LLC, and Sightseeing Pass, LLC, respondents.

Appeal from order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered July 10, 2024, which, after consideration of the parties' joint letter outlining their discovery dispute, as per the court's individual Part Rules, sua sponte ordered that certain discovery requested by defendant/counterclaim plaintiff Go New York Tours, Inc. (Go NY) was not material and necessary to its counterclaims, and sustained defendants' objections to producing such documents, unanimously dismissed, without costs, as taken from a nonappealable order.
There is no right of appeal from an order entered sua sponte (see Reyes v Sequeira, 64 AD3d 500, 507-508 [1st Dept 2009]). If Go NY had moved to vacate the sua sponte order pursuant to CPLR 5701(a)(3) and themotion had been denied, thenGo NY would have been entitled to appeal as of right (see Sholes v Meagher, 100 NY2d 333, 335 [2003]; Person v Einhorn, 44 AD3d 363, 365 [1st Dept 2007]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 6, 2026