Mullins v Sharma (2026 NY Slip Op 00253)

Mullins v Sharma

2026 NY Slip Op 00253

Decided on January 21, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 21, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2024-02195
 (Index No. 623013/21)

[*1]Kevin J. Mullins, etc., appellant,
vAmit Sharma, et al., respondents, et al., defendants, et al., nominal defendant.

Ruskin Moscou Faltischeck, P.C., Uniondale, NY (Thomas A. Telesca of counsel), for appellant.
Harter Secrest & Emery LLP, Buffalo, NY (Lauren R. Mendolera and Katherine E. Rahmlow of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and breach of fiduciary duty, the plaintiff appeals from an order of the Supreme Court, Suffolk County (James Hudson, J.), dated January 29, 2024. The order, insofar as appealed from, sua sponte, directed dismissal of the cause of action alleging conversion and made certain findings of fact.
ORDERED that the appeal is dismissed, with costs.
The plaintiff, individually and on behalf of the nominal defendant, Nassau-Suffolk Medical Services, P.C., commenced this action asserting, inter alia, a derivative cause of action alleging conversion against the defendant Amit Sharma. In October 2023, the plaintiff moved for leave to serve a third amended complaint. In an order dated January 29, 2024, the Supreme Court, among other things, sua sponte, directed dismissal of the cause of action alleging conversion against Sharma and made certain findings of fact. The plaintiff appeals from so much of the order as, sua sponte, directed dismissal of the cause of action alleging conversion and made certain findings of fact that he deems adverse to his interests.
No appeal lies as of right from so much of the order as, sua sponte, directed dismissal of the cause of action alleging conversion since that portion of the order did not decide a motion made on notice (see CPLR 5701[a][2]; Sholes v Meagher, 100 NY2d 333, 335; Duberry v CNM Analytics, Inc., 180 AD3d 648, 651; Taub v Schon, 148 AD3d 1200, 1202). Since we decline to grant leave to appeal from that portion of the order (see CPLR 5701[c]), the plaintiff's contentions regarding the dismissal of the cause of action alleging conversion are not properly before this Court.
The plaintiff's remaining contentions also are not properly before this Court. The mere fact that an order "contains language or reasoning that a party deems adverse to its interests does not furnish a basis for standing to take an appeal" (Lugo v Torres, 174 AD3d 592, 594 [internal quotation marks omitted]; see Castaldi v 39 Winfield Assoc., LLC, 22 AD3d 780, 781). Further, findings of fact and conclusions of law that do not grant or deny relief are not independently appealable (see Glassman v ProHealth Ambulatory Surgery Ctr., Inc., 96 AD3d 801, 801).
Accordingly, we dismiss the appeal.
CONNOLLY, J.P., CHRISTOPHER, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court