In the Matter of SHANTY HOLLOW CORPORATION, Respondent, *v.* HARRY POLADIAN et al., Constituting the Board of Assessors of the Town of Hunter, Appellants.

Third Department, May 6, 1965.

*Whalen, McNamee, Creble & Nichols (Charles E. Nichols* of counsel), for appellants.

*Louis M. Weber* for respondent.

HAMM, J. The appellants appeal from an order of the Supreme Court at Special Term denying their motion to dismiss the petitioner's proceeding to review an assessment of real property.

On July 24, 1964, the petitioner delivered three copies of the notice and petition to a person, who was not the Town Clerk but a personal employee of the chairman of the Board of Assessors, and on the same day the three copies were delivered by her to the chairman of the board. Recently in *Matter of Watson Blvd. Apts.* v. *Huffcut* (23 A D 2d 508) we had occasion to consider a similar situation. The respondent Huffcut was the sole assessor of the assessing unit. He was personally served with three copies of a notice of motion and petition to review the assessments he had made; no service was made on the Town Clerk. We said: " As pertinent here, subdivision 1 of section 708 of the Real Property Tax Law provides: ' If the assessment to be reviewed was made by the assessors of an assessing unit, service shall be made by delivering three copies of the petition and notice to the clerk of such assessing unit '. It is conceded that service as thus provided was not effected. The failure to suffice the statute's condition precedent is jurisdictionally fatal to the review sought."

There remains, however, a procedural question. The petitioner, relying on the provisions of CPLR 320 (subd. [b]) that an appearance is equivalent to personal service unless an objection to jurisdiction is asserted by motion or in the answer, contends that the appellants, by appearing " specially " and objecting to jurisdiction, failed to make a motion and hence submitted themselves to the jurisdiction of the court. It is apparent that a motion, although oral, was made as the order of Special Term recites " that the application to dismiss this proceeding made on behalf of the respondents [the appellants in this court] be and the same hereby is denied ". The petitioner contends, however, that the motion was not brought on by notice of motion, that CPLR 2214 (subd. [b]) provides that a " notice of motion and supporting affidavits shall be served at least eight days before the time at which the motion is noticed to be heard " and that CPLR 2214 (subd. [c]) provides that only " papers served in

accordance with the provisions of this rule shall be read in support of, or in opposition to, the motion, unless the court for good cause shall otherwise direct." On August 14, the return day, the appellants submitted an affidavit by the person served that she on the same day delivered the papers to the chairman of the Board of Assessors, an affidavit of the Town Clerk that she was never served with any papers and an affidavit of the chairman of the Board of Assessors that the person served was his personal employee and not an officer or employee of the town. The case was held for an affidavit on behalf of the petitioner and such an affidavit sworn to August 24, 1964, was received by the court. The order of Special Term recites the reading and filing of all four affidavits mentioned. It is thus apparent that, although no notice of motion was served, the court considered the oral motion and also the affidavits in support of the motion in pursuance of the discretion conferred by CPLR 2214 (subd. [c]) and we find that such consideration was a proper exercise of discretion.

Thus there was compliance with CPLR 320 and, as service was not made in accordance with statutory requirements, in personam jurisdiction was not obtained.

The order should be reversed, on the law and the facts, and petition dismissed, without costs.

GIBSON, P. J., REYNOLDS, TAYLOR and AULISI, JJ., concur.

Order reversed, on the law and the facts, and petition dismissed, without costs.