■ MARILYN OSTERLING, Appellant, v DOUGLAS OSTERLING, Respondent. (Appeal No. 1.)—Order unanimously affirmed, without costs. See memorandum in *Osterling v Osterling* ([appeal No. 2] 126 AD2d 965 [decided herewith]). (Appeal from order of Supreme Court, Monroe County, Conway, J.—vacate prior order.) Present—Dillon, P. J., Callahan, Boomer, Green and Lawton, JJ.

45 MARILYN OSTERLING, Appellant, v DOUGLAS OSTERLING,

Respondent. (Appeal No. 2.)—Order unanimously affirmed, without costs. Memorandum: At issue on this appeal by plaintiff is the meaning of part of a stipulation entered upon the record disposing of the marital property of the parties in plaintiff's action for divorce. The terms of the stipulation were incorporated but not merged into the judgment of divorce. Thereafter, the marital residence was sold by the parties to plaintiff and one Mark Molyneaux. Following closing of the transaction, the trial court, on request of both parties, reviewed the stipulation and determined that the provision thereof requiring that plaintiff "receive the first $5,000" if the marital residence is sold, unambiguously required that said sum be first deducted from the total proceeds of the sale and be paid or credited to plaintiff before the remaining proceeds of the sale were divided between the parties. We agree with that interpretation and we affirm in all respects the order entered on September 16, 1985, including the computation of closing costs, other expenses and the respective shares of the parties.

The trial court also properly denied plaintiff's motion to vacate the order of September 16, 1985 because of procedural irregularities. Although neither party served motion papers on the first motion, the order entered thereon recites that the review undertaken by the court was requested by the parties. Plaintiff does not contend that her attorney was not empowered to act on her behalf, and since counsel for both parties voluntarily appeared and argued, it was within the court's discretionary power under CPLR 2214 (c) to resolve the issues presented (see, Matter of Shanty Hollow Corp. v Poladian, 23 AD2d 132, affd 17 NY2d 536). Plaintiff must be deemed to have waived any claim of error arising from the informal nature of the proceedings.

Finally, we note that on the motion to vacate, plaintiff presented no factual basis for disputing defendant's computation of closing costs, tax adjustments or escrow credits. (Appeal from order of Supreme Court, Monroe County, Conway, J. —equitable distribution.) Present—Dillon, P. J., Callahan, Boomer, Green and Lawton, JJ.