■ ROBERT J. KAISER et al., Appellants, v J & S REALTY, INC., Respondent. (And a Third-Party Action.)—Mercure, J. Appeal from an order of the Supreme Court (Williams, J.),

entered March 15, 1990 in Sullivan County, which, *inter alia,* granted defendant's motion to vacate a default judgment entered against it.

Plaintiffs commenced this action on April 15, 1988 by service of a summons and verified complaint upon the Secretary of State pursuant to Business Corporation Law § 306. By order dated June 17, 1988, Supreme Court granted a default judgment in favor of plaintiffs. Thereafter, defendant made an oral application to vacate the default judgment, apparently upon the ground that defendant was never served with the summons and complaint. Supreme Court granted the motion and plaintiffs appeal.

We reverse. While there appears to be no per se rule against oral motions *(see, Matter of Shanty Hollow Corp. v Poladian,* 23 AD2d 132, 133-134, *affd* 17 NY2d 536; Siegel, NY Prac § 243, at 363-364 [2d ed]), a movant must, nonetheless, present affidavits or other competent evidence in support of its factual assertions *(see, Matter of Shanty Hollow Corp. v Poladian, supra;* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2214:22, at 98). Here, it appears that defendant made no evidentiary showing. In any event, the record on appeal, stipulated to by defendant, contains no affidavits, sworn testimony or other competent evidence in support of defendant's motion to vacate the default judgment. As such, Supreme Court's determination may not be sustained *(see, Matter of Tirre v Bush Term. Co.,* 172 App Div 386, 391-392; 4 NY Jur 2d, Appellate Review, § 322, at 414; 1 Newman, New York Appellate Practice § 5.04 [1], at 5-18—5-19).

Order reversed, on the law, with costs, and motion denied. Casey, J. P., Mikoll, Levine, Mercure and Crew III, JJ., concur.