OPINION OF THE COURT
David Friedman, J.
Defendant leased a 1991 Dodge Spirit from Goldring Motors, Inc. This lease was assigned to plaintiff Chrysler Credit Corporation. Pursuant to its terms the vehicle had to be insured for theft, a condition with which defendant complied. The vehicle was stolen and the insurance proceeds were paid to plaintiff. Until the theft all of the payments required by the lease were made by defendant. Plaintiff nevertheless maintained that defendant owed it further sums under the lease and this action was commenced by service of a summons and complaint. Issue was joined by service of an answer alleging a general denial.
Plaintiff then moved for an order granting it summary judgment. In an affidavit in support of the motion plaintiff’s lease manager states, apparently in error, that defendant’s vehicle was in an accident. She further states that plaintiff received insurance proceeds of $10,352.06 and that defendant defaulted in making his monthly payments under the lease as a result of which the balance owed under the lease (subject to certain credits) became immediately due.
On the return day of the motion defendant appearing pro se orally opposed the motion alleging that the vehicle had been stolen and that plaintiff had failed to offer him a replacement vehicle under such terms as provided by the lease. Thus it was defendant’s position that it was plaintiff who was in default of the lease. The dilemma created by these allegations was that while they certainly presented issues of fact they were not made under oath nor was plaintiff afforded an opportunity to reply. Moreover, defendant’s appearance for oral argument *58 was itself in violation of the Uniform Rules for Trial Courts (22 NYCRR) § 208.11 (b) (3). That rule provides in pertinent part that, "A party requesting oral argument shall set forth such request in its notice of motion or on the first page of the answering papers, as the case may be.” Defendant never served answering papers nor is there any indication that he in any other way apprised plaintiff of his desire to orally argue the motion. The failure to serve answering papers was itself a further complication since CPLR 2214 (b) and (c) requires service of same.
The result is that defendant’s oral argument made it seem that summary judgment was unwarranted. On the other hand to credit the oral argument was itself inconsistent with the CPLR and court rules. Complicating this inconsistency is the frequent practice in this court of permitting pro se parties to orally argue motions regardless of compliance with sections 2214 and 208.11.
Several possibilities emerge concerning compliance with these provisions. One is to strictly enforce them so that the failure of a pro se litigant to submit answering papers and make a request for oral argument would preclude hearing him. A second possibility is for the court to require a pro se litigant who appears to submit an affidavit and then schedule oral argument on notice to the parties on a day subsequent to the motion’s return date. The obvious problems with this approach concern the difficulty some pro se litigants will have reducing their arguments to cogent legal form and the volume of cases involving pro se litigants where there has been noncompliance with the subject rules. There is the further factor that automatic rescheduling may create an undue administrative burden. A third option is for the Judge presiding in the Motion Part to hear the pro se litigant and then schedule oral argument if it seems warranted with defendant being permitted to make an evidentiary statement on the record.
The immediate question with this third approach is the permissibility of hearing argument with only one side present. In my view, at least in those cases where the movant is an attorney and the respondent a pro se party, it is appropriate to hear the latter notwithstanding noncompliance with section 208.11. The reason is, as previously stated, the practice in this court of permitting pro se litigants to argue so that the opposing attorney must be deemed to be aware of the possibility. Furthermore, a movant can hardly be heard to complain *59 about such a procedure since he has served a notice of motion upon the opposing party which sets forth a "Date, Time [and] Place of Hearing.” This procedure also has the benefit of affording a sense of due process to the pro se litigant. Finally, if the pro se litigant’s argument makes it appear that both sides should be present, it is time enough then to schedule argument for a subsequent date.
In the case at bar I followed the third option. Thus after hearing the pro se defendant, oral argument was scheduled via an order which stated the following: "On the return date of this motion defendant appeared pro se and asserted facts which would mandate denial of plaintiff’s motion for summary judgment. In view of the lack of opportunity for plaintiff to oppose these assertions and the absence of a statement under oath from defendant the matter is scheduled for oral argument with both sides present on February 2, 1993.”
On the 2nd of February plaintiff’s attorney and defendant appeared. With the approval of plaintiff’s attorney defendant was sworn and his previous assertions were repeated and stenographically recorded (cf., Kaiser v J & S Realty, 173 AD2d 920; Reed v Landau, 115 NYS 1068). Significantly, plaintiff’s attorney made no request for a continuance in order to oppose defendant’s averments. Following this procedure had the added benefit of ameliorating defendant’s noncompliance with CPLR 2214. In this regard it should be pointed out that failure to reduce opposition to a motion to written form does not ipso facto mandate a disregard of such opposition (see, Kaiser v J & S Realty, supra; Matter of Shanty Hollow Corp. v Poladian, 23 AD2d 132, affd 17 NY2d 536; Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C2214:23a, at 100).
What became apparent from the argument of February 2 was that the motion for summary judgment revolved around the requirements of paragraph J of the lease which states the following:
"replacement vehicle: If the vehicle is destroyed, stolen or damaged beyond repair, I [meaning the lessee] hereby agree to accept a replacement vehicle of comparable actual cash value from you [meaning the lessor] or the insurer of the vehicle. When I accept delivery of the replacement vehicle, all of the terms and conditions of this Lease shall apply to the replacement vehicle. If I refuse to accept any such replacement vehicle within five days after you or the vehicle insurer offers it to me, my refusal will be a default.
*60 "I agree that you have no obligation to provide a replacement vehicle until and only after you receive the loss proceeds from the insurer of the vehicle.
"If for any reason except when the vehicle insurer has denied liability or coverage for a vehicle that has been destroyed, stolen or damaged beyond repair, a replacement vehicle is not provided to me, this Lease will terminate and I will have no further obligation to make any monthly payment to you due after the date of termination.”
The subject lease thereby makes its continuation dependent upon a replacement vehicle being offered to the lessee defendant when there has been a theft. Plaintiff contended that defendant had an obligation to ask for the replacement vehicle under paragraph J and if he failed to he could be declared in default of the lease. Plaintiff further contended that if the court did not interpret the lease as imposing the duty of request on defendant the provision was at a minimum ambiguous so that a trial would be necessary.
Plaintiff’s contentions are without merit. There is no ambiguity since paragraph J speaks of the lessor offering a replacement vehicle and the lessee responding within five days of the offer clearly casting the onus on plaintiff or its assignor. If there was ambiguity in the paragraph it would in any event have to be interpreted contrary to the interests of those who drafted the lease, i.e., plaintiff. What in all respects remains uncontroverted is that defendant was never offered a "replacement vehicle of comparable actual cash value” albeit that there was some indication he was offered a vehicle if he would pay additional funds. Succinctly stated it was plaintiff’s position that a vehicle was not offered to defendant under the same terms as the Dodge already leased because there was no obligation to do so. My examination of paragraph J shows that it does impose such an obligation.
In sum the party in violation of the lease is the plaintiff or its assignor so that the lease terminated and defendant has no further obligation to make any payments to plaintiff. CPLR 3212 (b) provides that "If it shall appear that any party other than the moving party is entitled to a summary judgment, the court may grant such judgment without the necessity of a cross-motion.” It is apparent that defendant is entitled to *61 summary judgment and the complaint should be dismissed. The court notes that while plaintiff had previously taken an inquest against defendant it is hereby vacated. This vacatur is on plaintiff’s consent since it appears that defendant was never notified of the inquest date.