Braun v Cesareo (2019 NY Slip Op 01962)





Braun v Cesareo


2019 NY Slip Op 01962


Decided on March 15, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, CURRAN, AND WINSLOW, JJ.


939 CA 18-00377

[*1]TRAVIS M. BRAUN, PLAINTIFF-RESPONDENT,
v
CHRISTOPHER J. CESAREO, MEDTRONIC, INC., AND MEDTRONIC USA, INC., DEFENDANTS-APPELLANTS. (APPEAL NO. 6.) 






GREENBERG TRAURIG LLP, NEW YORK CITY (NOAH A. LEVINE OF COUNSEL), AND WOODS OVIATT GILMAN LLP, ROCHESTER, FOR DEFENDANTS-APPELLANTS. 
FARACI LANGE, LLP, ROCHESTER (STEPHEN G. SCHWARZ OF COUNSEL), AND MICHAEL G. COOPER, HAMBURG, FOR PLAINTIFF-RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Catherine R. Nugent Panepinto, J.), entered October 25, 2017. The judgment, among other things, awarded plaintiff the sum of $21,451,518.69 as against defendants. 
It is hereby ORDERED that the judgment so appealed from is reversed on the law without costs, defendants' application for leave to file a late demand for a jury trial is granted, and a new trial is granted.
Memorandum: Defendants appeal from, inter alia, a judgment entered against them following a nonjury trial. We agree with defendants that Supreme Court erred in denying their oral application for leave to file a late demand for a jury trial, and we therefore reverse the judgment, grant the application and grant a new trial.
By note of issue filed on August 28, 2015 and served by mail, plaintiff elected a nonjury trial. Pursuant to CPLR 4102 (a), defendants could have demanded a trial by jury by filing such demand by September 17, 2015 (see CPLR 2103 [b] [2]). Defendants did not do so. On September 18, 2015, i.e., one day after the deadline for demanding a trial by jury, the parties appeared in court for the scheduled trial. After "extensive discussion off the record" in the court's chambers, the court determined that the parties waived their right to a trial by jury. Defendants' counsel placed on the record his objection and made an oral application for leave to file a late demand for a jury trial. After additional extensive arguments from counsel from both sides, the court adhered to its determination and denied the application. Defendants indicated that they could make a formal motion, but plaintiff objected, arguing that the court "has already decided the issue." The court suggested that any such motion would be denied. An order was entered denying "[d]efendants' request to file a demand for trial by jury nunc pro tunc pursuant to CPLR Section 4102 (e)."
Initially, we respectfully disagree with our dissenting colleague that the court's denial of defendants' application is not reviewable by us. Defendants appealed from the order denying their application but, upon plaintiff's motion, we dismissed that appeal inasmuch as the order was not appealable as of right because it did not decide a motion "made upon notice" (CPLR 5701 [a] [2]; see Sholes v Meagher, 100 NY2d 333, 335-336 [2003]; Arroyo v City of New York, 185 AD2d 829, 829 [2d Dept 1992]). Defendants now appeal, however, from the final judgment rendered in this action. An appeal from a final judgment "brings up for review . . . any non-final judgment or order which necessarily affects the final judgment" (CPLR 5501 [a] [1]). The parties do not dispute that the order denying defendants' application for leave to file a late demand for a jury trial necessarily affected the final judgment. Our dissenting colleague, [*2]however, construes the word "order" in CPLR 5501 (a) (1) to mean only orders that result from motions made upon notice. In other words, in his view, only orders that are appealable as of right are reviewable upon an appeal from the final judgment. We conclude that CPLR 5501 (a) (1) does not expressly or impliedly place such a limitation upon our review of orders that affect the judgment. Courts routinely review orders upon an appeal from a final judgment that would not have been appealable as of right, such as ex parte orders (see e.g. Willoughby Rehabilitation & Health Care Ctr., LLC v Webster, 134 AD3d 811, 812-813 [2d Dept 2015]; Jovee Contr. Corp. v AIA Envtl. Corp., 283 AD2d 398, 399 [2d Dept 2001]; Hartwich v Young, 149 AD2d 762, 764 [3d Dept 1989], lv denied 75 NY2d 701 [1989]; Matter of Dora P., 68 AD2d 719, 728 [1st Dept 1979]). Indeed, our dissenting colleague has not cited to any case where an order that was not appealable as of right was determined to be unreviewable upon an appeal from the final judgment.
With respect to the merits, the State Constitution provides for a right to a jury trial in civil cases (see NY Const, art I, § 2; Baird v Mayor of City of N.Y., 74 NY 382, 385-386 [1878]; Gallegos v Elite Model Mgt. Corp., 28 AD3d 50, 54 [1st Dept 2005]). Although that right may be waived through the failure to demand it in a timely fashion (see CPLR 4102 [a]), the court "may relieve a party from the effect" of such waiver "if no undue prejudice to the rights of another party would result" (CPLR 4102 [e]). While "[t]he decision . . . to relieve a party from failing to timely comply with CPLR 4102 (a) lies within the sound discretion of the trial court" (Cicco v Durolek, 147 AD3d 1486, 1487 [4th Dept 2017] [internal quotation marks omitted]; see Calabro v Calabro, 133 AD2d 604, 604 [2d Dept 1987]), we conclude that the court's denial of defendants' application was an abuse of discretion.
Defendants made their application for relief just one day after the deadline to make a timely demand for a jury trial (see Rosenbaum v Schlossman, 72 AD3d 623, 623 [1st Dept 2010]; A.S.L. Enters. v Venus Labs., 264 AD2d 372, 373 [2d Dept 1999]; Beck v 200 Wyndham Assoc., 61 AD2d 804, 804 [2d Dept 1978]). In opposition to the application, plaintiff established no prejudice from that negligible delay (see Cicco, 147 AD3d at 1487; Debevoise & Plimpton LLP v Candlewood Timber Group LLC, 102 AD3d 571, 573 [1st Dept 2013]; Rosenbaum, 72 AD3d at 623). Prejudice requires "some indication that the [party] has been hindered in the preparation of his [or her] case or has been prevented from taking some measure in support of his [or her] position" (Loomis v Civetta Corinno Constr. Corp., 54 NY2d 18, 23 [1981], rearg denied 55 NY2d 801 [1981]). Although the trial was scheduled to begin the day after the deadline for demanding a jury trial, there was a jury panel present on that day, and granting defendants' application would not have delayed the trial. Indeed, plaintiff's attorneys had made post-note of issue references to a jury, thus showing that they were certainly prepared for a trial by jury and had not strategized only for a bench trial, as they argued. In denying the application, the court applied an improper legal standard by requiring defendants to explain why they would be prejudiced by a bench trial. Defendants had no obligation to explain their decision to avail themselves of a constitutional right.
All concur except Curran, J., who dissents and votes to modify in accordance with the following memorandum: I respectfully dissent because the "order" denying defendants' application for leave to file a late jury demand is not an "order" that can be reviewed on appeal under CPLR 5501 (a) (1). The so-called "order" is not brought up for review as an appealable paper under that provision because it is not a product of a motion made on notice (see CPLR 2211, 2212 [a]; 5512 [a]). Because the motion was not on notice, this Court has been deprived of a sufficient record, rendering the "order" unreviewable (see CPLR 5526).
I note by way of background that, after the filing of the note of issue and until the eve of trial, the parties and Supreme Court implied that they expected to proceed to a jury trial. On September 18, 2015, defendants appeared for the scheduled trial, following a one-day adjournment they had requested, and informed the court that they had learned just that morning that plaintiff had not requested a jury trial in the note of issue. They acknowledged that the deadline in CPLR 4102 (a) for filing a demand for a trial by jury had expired one day earlier, but requested that the court excuse the failure to make a timely demand. Defendants argued that the failure to file a demand was inadvertent and that plaintiff would not be prejudiced by a late filing inasmuch as defendants missed the deadline by only "16 hours." Plaintiff opposed the application, arguing that defendants were required to demonstrate "excusable conduct for the waiver" and that the excuse of simply failing to notice plaintiff's request for a bench trial in the [*3]note of issue was "inadequate." The court denied the application after determining that plaintiff would be prejudiced by the filing of a late demand for a jury trial.
Following the trial's liability phase, defendants submitted an "order" to the court memorializing the denial of their application for leave to file a late demand for a jury trial. Plaintiff objected to entry of that order on the ground that "[a] party must make a motion to the court before an order may be issued." The court, however, executed the "order," which stated that defendants "moved . . . for an Order pursuant to CPLR § 4102 (e)" and that the "application" was heard in "open court on September 18, 2015." Because defendants made an oral application, the "order" did not determine a "motion made upon supporting papers" and thus did not "recite the papers used on the motion" (CPLR 2219 [a]).
After procuring the "order," defendants filed a notice of appeal. Plaintiff moved to dismiss the appeal, "arguing that defendants have no appeal as of right because the order did not decide a motion made on notice, and permission to appeal was not timely sought." This Court granted the motion and dismissed the appeal (see CPLR 5701 [a] [2]; Sholes v Meagher, 100 NY2d 333, 335-336 [2003]; Arroyo v City of New York, 185 AD2d 829, 829 [2d Dept 1992]). Defendants never moved before Supreme Court to vacate the "order," the denial of which they could have appealed as of right (see CPLR 5701 [a] [3]).
Defendants now appeal from the final judgment entered against them following a nonjury trial, assuming in their initial brief that the "order" is reviewable on appeal. In his respondent's brief, plaintiff made procedural arguments challenging the propriety of defendants' oral application, noting that, inter alia, they did not comply with CPLR article 22. Defendants directly addressed plaintiff's arguments in their reply brief.
It is my view that, by affording appellate review to defendants on such a scant record on appeal—i.e., the 37-page transcript of the September 18, 2015 oral argument addressing this issue—the majority has improperly disregarded the requirements of CPLR articles 22 and 55 (see CPLR 2214, 2219, 2220, 5501 [a] [1]; 5526). Because defendants made no pretense of trying to comply with those requirements, which are intended to ensure fairness to both sides, I would hold that the "order" is unreviewable, despite defendants' appeal from a final judgment. I dissent because we do not have the authority to overwrite those statutes.
CPLR 5501 (a) (1) states that "[a]n appeal from a final judgment brings up for review . . . any non-final judgment or order which necessarily affects the final judgment." To define what constitutes an "order" for purposes of appellate reviewability, and to ascertain whether the appeal from the final judgment brings an order up for review, the other relevant provisions of the CPLR must be considered. I submit that what constitutes a reviewable "order" for purposes of CPLR 5501 (a) (1) should be consistent with the other definitions of "order" found in CPLR articles 22 and 57.
CPLR 5701 (a) (2) provides in relevant part that an appeal may be taken as of right from an order "where the motion it decided was made upon notice." In Sholes v Meagher, the Court of Appeals explained that, "[w]ith limited exceptions, an appeal may be taken to the Appellate Division as of right from an order deciding a motion made upon notice when—among other possibilities—the order affects a substantial right . . . There is, however, no right of appeal from an ex parte order, including an order entered sua sponte" (100 NY2d at 335). The reason for this rule is that, "[w]hile the procedure in this particular case may well have produced a record sufficient for appellate review, there is no guarantee that the same would be true in the next case. Moreover, the amount of notice will vary from case to case, and its sufficiency may often be open to debate. Adherence to the procedure specified by CPLR 5701 (a) uniformly provides for certainty, while at the same time affording the parties a right of review by the Appellate Division" (id. at 336).
The Court in Sholes essentially defined an order appealable as of right as being the product of a motion made on notice—a definition that should also control when interpreting what constitutes a reviewable "order" under CPLR 5501 (a) (1). The same principles that applied in Sholes should apply here because, even if I were to agree with the majority that "in this particular case" the transcript "produced a record sufficient for appellate review," there is "no guarantee that the same would be true in the next case" (100 NY2d at 336). Perhaps in another case this [*4]Court will require motion papers or, at the opposite extreme, it may not require transcripts of the relevant argument in the record at all. One can imagine a variety of hypothetical permutations permitted by the majority's elastic approach, such as permitting appeals from stipulated orders not based on any motion papers, where the parties essentially argue their positions for the first time in their appellate briefs. Thus, the question I raise is how much of a motion record will suffice and how do lawyers and their clients know how much is enough? In short, such an ad hoc approach to reviewability under CPLR 5501 (a) (1) does not provide the "certainty" Sholes demands (100 NY2d at 336).
CPLR article 22 defines an "order" as something procured as a result of a written motion on notice (see CPLR 2211, 2214). That article establishes the procedure for making motions and for the "time and form of an order" (CPLR 2219; see CPLR 2212, 2214). As germane here, CPLR 2212 (a) and (b) bifurcates motions into two general categories, i.e., motions on notice and ex parte motions. Under that "two-track" approach, the former is appealable as of right due to the existence of a record, whereas the latter is generally not appealable —except upon review under CPLR 5704 (a), which does not apply here. The dichotomy between motions on notice and ex parte motions is also reflected in CPLR article 57, which governs what papers can be appealed to this Court. Under that article, interlocutory orders from "motions . . . made upon notice" (CPLR 5701 [a] [2]) are appealable as of right when they meet an enumerated condition in the statute (see CPLR 5701 [a] [2] [i]-[viii]). By contrast, an interlocutory "ex parte" order can be reviewed by this Court on an appeal as of right only if the appellant makes a motion on notice to vacate or modify the ex parte order and appeals from the subsequent order (see CPLR 5701 [a] [3]; see also Siegel & Connors, NY Prac §§ 244, 526 at 467, 1005 [6th ed 2018]). However, "[a]n order on an ex parte application is not appealable" (Siegel & Connors, NY Prac § 244 at 467).
The distinction between written motions on notice and ex parte motions dates back at least to the Civil Practice Act, effective October 1, 1921 (see Carlos C. Alden, A Handbook of Practice Under the Civil Practice Act of New York at 146-153 [2d ed 1921] [Alden]). Like CPLR 2211, the Civil Practice Act defined a motion as "[a]n application for an order" (Alden at 146 [internal quotation marks omitted]). Under the Act, a motion made on notice resulted in a written order reciting the papers relied upon (see Alden at 152). I have found nothing in the Civil Practice Act that authorized pretrial oral motions. Rather, a leading treatise about motion practice under the Act explained that pretrial motions were always in writing and made on notice: "Motions may be made either orally or in writing. Oral motions are made only in open court during the course of a trial. Written motions are made before trial or supplementary to the judgment. There are two types of written motions-contested and ex parte. (a) Contested motions are made on notice to all adverse parties to afford them an opportunity to submit proofs and to be heard in opposition. (b) Ex parte motions do not require the giving of any notice of the application" (Samuel S. Tripp, A Guide to Motion Practice § 1 at 3-4 [1949 rev ed]).
Furthermore, I note that CPLR article 22 and the Civil Practice Act did not originate the requirement of written motions and answering papers. As the First Department stated in 1898: "We do not understand that motions can be granted merely for reasons orally stated by counsel. The opposing party is entitled to be served with the papers upon which the motion was founded; and the decision of the court cannot be based simply upon oral statements of counsel, and that was all that was before the court at the time of the granting of this motion. Either a party is entitled to know the grounds of a motion, or there is no necessity of serving any papers at all, and the moving party may come into court and state orally to the court the grounds upon which he [or she] desires relief and his [or her] motion will be granted" (Jenkins v Warren, 25 App Div 569, 570 [1st Dept 1898]).
In short, I have found no clear authority for the proposition that an "order" procured without compliance with CPLR article 22 is an "order" as contemplated by CPLR 5501 (a) (1). Defendants cite various cases in support of their position that their oral motion was procedurally proper [FN1]. Those cases, however, are distinguishable because they largely involve circumstances [*5]where a notice of motion was not provided, but motion papers in some form were eventually supplied. It appears that the fundamental authority for all of those cases is Matter of Shanty Hollow Corp. v Poladian (23 AD2d 132 [3d Dept 1965], affd 17 NY2d 536 [1966]; see Siegel & Connors, NY Prac
§ 243, at 464 n 11). Although that case stands for the proposition that the court has the discretion under CPLR 2214 (c) to consider "for good cause" the papers which will support a motion in the absence of a notice of motion, the fact remains that, unlike here, papers were actually submitted in that case, and the opposing party had an opportunity to respond (Shanty Hollow Corp., 23 AD2d at 134).
Defendants also cite to cases holding that "[t]here is no per se rule against oral motions" (Osowski v AMEC Constr. Mgt., Inc., 69 AD3d 99, 107 [1st Dept 2009]; see Kaiser v J & S Realty, 173 AD2d 920, 921 [3d Dept 1991], citing, inter alia, Shanty Hollow Corp., 23 AD2d at 133-134). Of course, while it does not preclude oral motions, CPLR article 22 does provide a specific manner by which motions are to be made, and the CPLR states that it "shall govern the procedure in civil judicial proceedings in all courts of the state and before all judges" (CPLR 101). Thus, while oral motions are not precluded by the CPLR, it does not mean that they are reviewable on appeal. I submit instead that, when oral motions result in an order, those orders are not appealable as of right, and the parties have consciously made a decision to chart their own course to forego appellate review thereof.
Where the legislature has provided a specific means for effectuating motion practice and procuring orders, I am at a loss to explain how we can completely ignore it. I do not make that point to elevate form over substance, but to preserve procedures that the legislature enacted to ensure fairness by giving parties sufficient notice and an opportunity to be heard. Ultimately, those procedures allow for effective appellate review and, by effectively overwriting them, I fear that we undermine the process's fairness. When we review interlocutory pretrial orders based on oral motions after making an ad hoc evaluation of the record's sufficiency, we risk being perceived as having done so arbitrarily or according to a result-oriented analysis. As noted above, this Court has already determined that the "order" here was not the product of a motion made on notice and thus, under my analysis, we are precluded from reviewing that "order." Any other approach, such as evaluating the record's sufficiency on a case-by-case basis, provides neither certainty nor predictability (see Sholes, 100 NY2d at 335).
I also cannot overstate the importance of fairness in hearing from both sides as CPLR article 22 requires, a value that is undermined by our review of the "order" here. By reviewing the jury trial waiver issue and reversing, this Court does so solely based on spur-of-the-moment oral arguments, without any attempt by defendants to provide a reviewable record on appeal. That review works to plaintiff's detriment inasmuch as he had no real opportunity to present opposition papers, as provided by law, specifying the prejudice he would suffer by being required to suddenly change course and try the case before a jury. I submit that the procedural rules in article 22 provide a minimum level of substantive fairness, which is absent here.
The CPLR does not support an interpretation of the word "order" in CPLR 5501 (a) (1) as allowing review of anything other than an order that is the product of a written motion made on notice. Thus, a court's construction of that word in any other way would result in judicial legislation, which is to be avoided (see McKinney's Cons Laws of NY, Book 1, Statutes § 73), and would require the expansion of the definition of order to also include those procured ex parte, sua sponte, and by oral application. Such an interpretation would effectively render meaningless the procedure set forth in CPLR article 22 because it would allow review of any "order" irrespective of how it was procured when the appeal is from a final judgment. I do not think that the legislature, in providing the generous means to pursue interlocutory appeals, also intended to open the floodgates to our scope of review for any and all nonappealable orders.
Nothing in the CPLR alters the long-standing requirement that, to procure a reviewable "order," pretrial motions must be in writing and on notice to the opposition. While the CPLR [*6]authorizes a court, upon "good cause" (CPLR 2214 [c]), to consider on the motion "papers" in addition to those served in accordance with CPLR 2214, it does not follow that motions that are made orally result in a reviewable order. Further, although CPLR 104 provides that the CPLR "shall be liberally construed," a liberal construction does not allow a court to "pre-empt a legislative function and rewrite the provision under discussion" (Wagner v Cornblum, 36 AD2d 427, 429 [4th Dept 1971]). In my view, reviewing the "order" here is contrary to the well-established legislative directive requiring that reviewable orders be the product of a motion supported by at least some properly served papers, thereby ensuring a sufficient record for appellate review and fairness for all parties (see generally CPLR 5526).
Because I would not review the subject order, I would address the remaining issues raised by defendants and further conclude that there is an insufficient basis in the record to modify the court's apportionment of fault (see generally Cohen v Hallmark Cards, 45 NY2d 493, 498-499 [1978]; Krueger v Wilde, 204 AD2d 988, 989 [4th Dept 1994]). I conclude, however, that the amount of damages awarded for past and future pain and suffering deviated materially from what would be reasonable compensation (see CPLR 5501 [c]). I would therefore modify the judgment by setting aside the award of damages to that extent and grant a new trial on damages for past and future pain and suffering unless plaintiff stipulated to reduce the award to $3.25 million for past pain and suffering and to $7.5 million for future pain and suffering. Lastly, I conclude that defendants failed to meet their burden of establishing that further adjustment to the damages award is warranted under CPLR 4545 (a) (see generally Kihl v Pfeffer, 47 AD3d 154, 165-166 [2d Dept 2007]).
Entered: March 15, 2019
Mark W. Bennett
Clerk of the Court



Footnotes

Footnote 1: These authorities do not acknowledge, however, Professor Siegel's observation that "the general rule from the cases is that motions must be made on notice" and that "the only time a party should attempt to move ex parte is when a statute or rule explicitly authorizes it" (Siegel & Connors, NY Prac § 244 at 466).