Matter of Lucano (2024 NY Slip Op 50996(U))

[*1]

Matter of Lucano

2024 NY Slip Op 50996(U)

Decided on July 26, 2024

Surrogate's Court, Queens County

Kelly, S.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 26, 2024
Surrogate's Court, Queens County

In the Matter of the Application of Andrew Lucano, as Executor of the Goods, Chattels and Credits which were of Joseph Lucano, a/k/a Joseph F. Lucano, Deceased, For Leave to Compromise and Settle Claims for Wrongful Death and Conscious Pain and Suffering and to Render and Have Judicially Settled an Account of the Proceedings as Such Executor.

File No. 2022-3422/A

For Petitioner: Daniel Wasserberg, Esq.

Peter J. Kelly, S.

Petitioner, Andrew Lucano, as executor of the decedent's estate moves for an order to redact from the petition and supporting papers confidential terms of a wrongful death settlement agreement. Specifically, the movant seeks an order to redact his and other distributees' addresses; the decedent's residence, date of birth, date of death, diagnosis date, and employer; the defendants' identities; the estate's lienholders and lien amounts; the gross settlement amount and individual distribution amounts; the decedent's and petitioner's retainer date, litigation expenses amounts, and attorney's fees.
The underlying action arose out of decedent's occupational exposure to asbestos which caused him to contract mesothelioma, causing his demise.
Initially, the court notes that the statutes and case law cited by the movant in support of redacting the pleadings relate to a similar but different remedy: sealing court records. While both remedies aim at maintaining confidential information filed within court pleadings from the public, each remedy is codified independently.
All court records and judicial proceedings, with certain exceptions, are considered open to public scrutiny so as to foster the efficiency and integrity of the judicial process (Judiciary Law, § 4). In the Surrogate's Court, all books and records are open to inspection by any person at reasonable times except those which are sealed (SCPA § 2501 [8]).
Under the Uniform Rules for the Surrogate's Court, whether or not a sealing order is or has been sought, the parties are obligated to redact confidential personal information (CPI) in papers submitted to the court for filing. For purposes of the rule, CPI means: (i) taxpayer identification number, except the last four digits thereof; and (ii) other than in a proceeding under Article 13 of the SCPA, a financial account number, except the last four digits thereof (22 NYCRR § 207.64 [a] [1]). The court sua sponte or on motion by any person may remove CPI [*2]from papers, or direct papers to be resubmitted with such information redacted (22 NYCRR § 207.64 [a] [2]).
Further, no person other than a party, the attorney or counsel to a party to the proceeding, the Public Administrator or counsel thereto, counsel for any Federal, State or local governmental agency, or court personnel may access any of the following documents unless by permission of the Surrogate or Chief Clerk of the court pursuant to the standards required under 22 NYCRR 216.1 and applicable law: (1) pleadings under Article 17 or 17-A of the SCPA; (2) death certificates; (3) tax returns; (4) firearms inventory; and (5) documents protected under Federal or State law such as, but not limited to, HIPAA, Mental Hygiene Law 33.13, and records involving alcohol or substance abuse under 42 CFR 2.64 (22 NYCRR 207.64 [b]).
Pursuant to these rules, the Surrogate's Court should not authorize the filing of redacted pleadings in the manner requested by this motion, especially as it pertains to information that is not statutorily defined as confidential personal information. Nevertheless, the court shall consider petitioner's motion as a request for a sealing of the court record.
Under the Uniform Rules for the Trial Courts, a court may seal a court record upon a written finding of good cause (22 NYCRR § 216.1 [a]). The rule does not define the term good cause, but directs that the court consider the right of the public to have access to court proceedings and records, as well as of the parties in determining whether "good cause" has been shown (see Gryphon Dom. VI, LLC v APP Intl. Fin. Co., B.V., 28 AD3d 322 [1st Dept 2006]). In New York State, the law favors public disclosure of court records (see Matter of Twentieth Century Fox Film Corp., 190 AD2d 483, 485 [1st Dept 1993]). 
The threshold consideration for good cause is the likelihood of 'significant and concrete harm' to the parties (see Matter of E. 51st St. Crane Collapse Litigation, 31 Misc 3d 406 [Sup Ct. New York County 2011]). Good cause requires that 'compelling circumstances' exist that justify the restriction of public access to the records (Mosallem v Berenson, 76 AD3d 345 [1st Dept 2010]).
Confidentiality is the exception, not the rule (Mancheski v Gabelli Group Capital Partners, 39 AD3d 499, 502 [2d Dept 2007]; Matter of Hofman, 284 Ad2d 92 [1st Dept 2001]). The court is not constrained to seal the record merely because the parties consented or because documents are marked "confidential" (see Eusini v Pioneer Elecs. (USA), Inc., 29 AD3d 623 [2d Dept 2006]).
Applying these principles, and despite due consideration that the motion is unopposed, the Court finds that petitioner has failed to meet his burden of establishing good cause to permit a sealing of the terms of the settlement agreement.
The Court notes that petitioner's motion failed to present affidavits or other competent evidence in support of its factual assertions (see CPLR § 2214 [c]; Kaiser v J & S Realty, 173 AD2d 920 [3d Dept 1991]; Shanty Hollow Corp. v Poladian, 23 AD2d 132 [3d Dept 1965]). Counsel's affirmation in support does not state on its face that it is based on personal knowledge of the facts alleged, and while the motion references confidentiality and settlement agreements, neither these instruments or an affidavit by petitioner or defendants are provided to the court.
Petitioner argues that redacting the settlement terms within the pleadings is necessary because the agreement in the underlying action includes a confidentiality clause to ensure the privacy of each individual settlement. Petitioner argues that the confidentiality provisions are [*3]designed to uphold the integrity of the claims against other remaining defendants, minimally affecting future settlement discussions.
Yet, while Supreme Court pleadings were filed as exhibits with the compromise petition, there is no assertion or proof that the terms of the settlement agreement was approved by a Justice thereof, much less that any settlement agreement was directed to be deemed confidential to any extent.
Without any alleged facts from which a likeliness of "significant and concrete harm" may be ascertained, the court cannot find that any cause for sealing has been established. The facts surrounding the case law relied in support of petitioner's argument, In re New York County Data Entry Worker Product Liability Litigation, 162 Misc 2d 263 [Sup. Ct New York County 1994] and In re East 51st Street Crane Collapse Litigation, supra at 2, are distinguishable from this proceeding in that the first example involved a discovery motion, while the movants in the second action sought a temporary sealing until all wrongful death cases arising from the particular accident were resolved. Hence, the court determined that a temporary sealing order was 'narrowly tailored to serve the objectives of the settling parties' (In re East 51st Street Crane Collapse Litigation, at 416).
The public has a powerful interest in open court proceedings (Danco Lab., Ltd. v Chemical Works of Gedeon Richter, Ltd., 274 AD2d 1, 6 [1st Dept 2000]); Matter of Hofman, at 94). It is the burden of a movant to demonstrate compelling circumstances that would outweigh the public's interest, which he has failed to do. The facts within the wrongful death proceeding as filed do not involve a particular unique incident, and the sealing of this record would not serve to limit any significant and concrete harm to the parties.
Accordingly, the motion is denied.
This is the decision and order of the court.
Dated: July 26, 2024
ACTING SURROGATE