Moncion v Moncion (2024 NY Slip Op 51513(U))

[*1]

Moncion v Moncion

2024 NY Slip Op 51513(U)

Decided on November 10, 2024

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 10, 2024
Supreme Court, Kings County

Betty Moncion, Plaintiff,

against
Flor Maria Moncion, Defendant.

Index No. 325/2024

Betty Moncion, plaintiff pro se.

Aaron D. Maslow, J.

Papers used on this motion: notice of motion, affidavit in support, affidavit of service, order permitting prosecution as a poor person, affidavit in support of application to proceed as a poor person, Part 130 certification, Social Security information, summons, complaint, request for judicial intervention.
Upon the foregoing papers, having heard oral argument and due deliberation having been had, the within motion is determined as follows.
This action, commenced on a pro se basis by plaintiff, alleges that defendant stole money from her mother, although the complaint is somewhat lacking in clarity as to how this was effectuated. Presently before the Court is a motion by plaintiff asserting that she needs money which belongs to her. During oral argument, plaintiff asked the court to transfer the motion to a different justice, in the Supreme Court building at 360 Adams Street, Brooklyn, New York.
For context in which to consider plaintiff's motion, the Court quotes her complaint:
I suing this lady for stealing the money she administered from my mother who died in 2022 I don't know if I can said mother because she was not a good mother she was very bad mother but when she died flor moncion had life insurance and she pay the life insurance with same money of my mother because flor was the one supplied the money she have social security as well more money in the bank and when she died flor has to distribute the money but she don't do it she use the money for travel buy house in Dominican republic and for buy new car here in new york for enjoy that money her and her daughter I want she give me the money belong to me because she was my mother too [*2]bad mother but by the law she was my mother unfortunately. Some body told me she got a life insure that she pay with the money she administration belong to my mother as well how I said she has all money fron my mother in the bank and she don't share she use for her and her daughter I'm suing her by 25,000 dollard.
I am betty moncion I always with the truth in god name thank you,
Using a template notice of motion form, plaintiff described the relief sought as:
I need my money that all. I have bill and rent to pay. And I want she give the money. Belong to me.
Plaintiff completed the template affidavit form by entering the following:
I asking the court granting. The motion because this lady need to give the money belong to me she don't share the money, belong to me.
Defendant has not responded — either to the complaint or to the instant motion.
Preliminarily the Court determines plaintiff's application to have this matter transferred to another Supreme Court justice, one who presides at the courthouse at 360 Adams Street.[FN1]
At oral argument, plaintiff stated that this Court had ruled against her in another action, Moncion v Geek Shop Inc., Index No. 268/2022. In an order dated August 15, 2023, this Court granted the motion of the defendant therein to dismiss the complaint based on lack of personal jurisdiction and the statute of limitations deadline having expired. In essence, plaintiff seeks to have this Court recuse itself because it issued a ruling unfavorable to her in the prior action.
In Patrick UU. v Frances VV. (200 AD3d 1156 [3d Dept 2012]), the court held that allegations of bias against a judge because he previously ruled against a party "do[es] not establish a statutory basis for recusal under Judiciary Law § 14, and the record does not demonstrate that the trial judge has 'a direct, personal, substantial[ ] or pecuniary interest in the outcome of the custody litigation.' " It has also been held, "Absent a legal disqualification under Judiciary Law § 14, a trial judge is the sole arbiter of recusal and his or her decision in that regard will not be lightly overturned (see People v Moreno, 70 NY2d 403, 405-406 [1987]; Matter of Stampfler v Snow, 290 AD2d 595, 596 [2002])" (Khan v Dolly, 39 AD3d 649 [2d Dept 2007]).
Even if a judge has determined issues in a pre-trial hearing, the judge may conduct the trial (see People v Brown, 24 NY2d 168 [1969]; People v Latella, 112 AD2d 324 [2d Dept 1985]; People v Smith [2d Dept 2018]). A judge, through "learning, experience and judicial discipline, is uniquely capable of distinguishing the issues and of making an objective determination based upon appropriate legal criteria. . ." (Moreno, 70 NY2d at 406).
This Court had no direct, personal, substantial, or pecuniary interest in the outcome of plaintiff's prior action nor does it have one in the case at bar. It sees no objective reason for recusing itself and, therefore, the application to transfer determination of the instant motion to another Supreme Court justice is denied.
With respect to the motion seeking money from defendant, this Court notes that plaintiff's accusations against defendant (presumably another family member, since they both bear the same last name) set forth in the motion papers and in the complaint are not entirely comprehensible.
The Court recognizes that pro se litigants might not be familiar with legal procedures (e.g., Brown v Lavine, 45 AD2d 753 [2d Dept 1974]), and that certain latitude may be afforded (e.g. Haverlin v Gottlieb, 49 Misc 3d 131[A], 2015 NY Slip Op 51750[U] [App Term, 9th & 10th Dists. 2015] [motion providently construed as one to renew]; Bank Trust Natl. Assn. v Dubrowski, 2024 WL 3312482 [Sup Ct, NY County 2024] [court will examine claim under uncited provision as well as cited one]; Matter of J.E.P. v People, 9 Misc 3d 1104[A], 2005 NY Slip Op 51397[U] [Fam Ct, Nassau County 2005] [incorrect caption and minor technical deficiencies in papers excused]). Even so, "A self-represented litigant acquires no greater rights than any other litigant (see Duffen v. State, 245 AD2d 653, 665 N.Y.S.2d 978; Brooks v. Inn at Saratoga Assn., 188 AD2d 921, 591 N.Y.S.2d 625)" (Greenfield v Gluck, 2003 WL 1961333 [App Term 2d & 11th Dists 2003] [untimely summary judgment motion]). That means that plaintiff is required to articulate a basis in law for granting her the relief she seeks.
As quoted above, the grounds for relief are stated in the notice of by plaintiff as "I need my money that all. I have bill and rent to pay. And I want she give the money. Belong to me." This Court finds that this fails to adequately convey the grounds for relief demanded (see CPLR 2214 [a]). The affidavit suffers from the same infirmity: "I asking the court granting. The motion because this lady need to give the money belong to me she don't share the money, belong to me." These statements are inadequate for this Court to award plaintiff money from defendant. There are no details as to how defendant allegedly stole money, how much money, how this was effectuated, or why defendant was not entitled to the money. There is no documentation in the form of bank or other records. Neither is there a citation to any CPLR or other authority stating the statutory provisions underpinning plaintiff's motion. Where a motion fails to meet the standards of CPLR 2214 (a), even when made by a pro se litigant, it must be denied (see Abizadeh v Abizadeh, 159 AD3d 856 [2d Dept 2018]; Renaud v Renaud, 79 Misc 3d 1237[A], 2023 NY Slip Op 50824[U] [Sup Ct, Kings County 2023]).[FN2]

Moreover, if plaintiff is claiming that defendant stole money from her mother, then plaintiff lacks standing to maintain this action; the action needs to be brought by the administrator or executor of her mother's estate.
Accordingly, it is hereby ORDERED that plaintiff's motion seeking relief, stated as "I need my money that all. I have bill and rent to pay. And I want she give the money. Belong to me," is DENIED.
E N T E R
AARON D. MASLOW
Justice of the Supreme Court of the State of New York

Footnotes

Footnote 1:This Court sits in the Supreme Court Courthouse at 320 Jay Street, Brooklyn, New York, a block away from the courthouse at 360 Adams Street.

Footnote 2:This Court has previously observed, "Apparently, since "the Kings County Court Help Center is prohibited by law from giving legal advice and can not complete forms on your behalf" (https://ww2.nycourts.gov/courts/2jd/kings/civil/helpcenter.shtml
[last accessed Sept. 14, 2024]), pro se plaintiffs are bypassing the CPLR's requirements concerning how to commence actions" (Park v DeJonge, 83 Misc 3d 1293[A], 2024 NY Slip Op 51274, *1 [Sup Ct, Kings County 2024]). The prohibition against giving legal advice is also resulting in pro se litigants filling in blanks on template motion forms without complying with CPLR requirements. It appears that pro se litigants are under the impression that they can seek the totality of the relief requested in a complaint by filing a motion immediately after filing the complaint. (Some do not even file complaints.) This betrays a misunderstanding of the legal process whereby ultimate determinations might not be made on the underlying merits for several years until after discovery, filing of a note of issue, and a trial taking place. Even if pro se motions are to be construed as ones for summary judgment, the inarticulate nature of many submissions deprives the court of the ability to afford them due consideration. The frustrations of according pro se litigants due consideration of their positions was discussed in Chrysler Credit Corp. v Smith (157 Misc 2d 56 [Civ Ct, Kings County 1993]).